Ruben Mejia
P.O. Box 144 Cabazon CA 92230
Meia.grunt1@gmail.com
951-306-5441

Ruben Mejia , IN PRO PER

FILED
CLERK, U.S. DISTRICT COURT

JUN - 4 2025

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION      BY DEPUTY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

Ruben Mejia

Plaintiff(s),

vs.

The State of California, County of Riverside, &
Individual Actors Acting Under Color of Law in
Their Official & Personal Capacities.

Case No.:

EDCV 25-01396~FMO(SP)

Document Title: Complaint for Violations of
Civil Rights (42 U.S.C. § 1983), Conspiracy to
Interfere with Civil Rights (42 U.S.C. § 1985),
and Racketeer Influenced and Corrupt
Organizations Act (18 U.S.C. §§ 1961–1964);
Seeking Declaratory, Injunctive, and Monetary
Relief Against the State of California, County of
Riverside, and Individual Defendants Acting
Under Color of Law)

JURY TRIAL DEMANDED

**I. JURISDICTION, VENUE, STANDING, AND DEMAND FOR JURY TRIAL**

1. **Jurisdiction:**

This Court has subject matter jurisdiction over this action pursuant to the following statutes:

- **28 U.S.C. § 1331**, as this case arises under the U.S. Constitution and federal law, including:
  - **42 U.S.C. § 1983** (civil rights violations under color of law),
  - **42 U.S.C. § 1985** (conspiracy to interfere with civil rights), and
  - **18 U.S.C. §§ 1961–1964** (civil RICO).
- **28 U.S.C. § 1343(a)(3)**, providing jurisdiction over actions to redress deprivations of civil rights under color of state law.

- 1 -

Complaint for Violations of Civil Rights (42 U.S.C. § 1983), Conspiracy to Interfere
with Civil Rights (42 U.S.C. § 1985), and Racketeer Influenced and Corrupt
Organizations Act

- **28 U.S.C. § 1367**, providing supplemental jurisdiction over state law claims that are so related to the federal claims as to form part of the same case or controversy.

This Court also has jurisdiction under **18 U.S.C. § 1964(c)**, as Plaintiff seeks civil remedies for violations of the Racketeer Influenced and Corrupt Organizations Act. The predicate acts alleged—wire fraud, mail fraud, obstruction of justice, and deprivation of rights under color of law—were committed as part of a continuing pattern that affects interstate commerce. These acts include:

- Use of U.S. Mail and interstate wire communications to file false records, serve manipulated pleadings, and coordinate obstructive action across state agencies and private actors.
- Transactions and legal filings that involve public systems (e.g., courts, CPS, County Counsel) that rely on federal funds and impact federally regulated areas including education, custody, and disability rights.
- Intentional interference with the Plaintiff's access to federally supported services (e.g., Social Security, veterans' benefits, educational programs) via coordinated retaliation and legal fraud, which obstructs lawful commerce under the meaning of the Commerce Clause.

This enterprise operates across public and private entities to suppress civil rights and manipulate judicial outcomes in ways that demonstrably affect the flow of legal and financial resources, satisfying the commerce requirement under **18 U.S.C. § 1962(c)**.

2. **Venue:**

Venue is proper in the Central District of California, Eastern Division, pursuant to **28 U.S.C. § 1391(b)** because a substantial part of the events, omissions, and ongoing injury giving rise to these claims occurred in Riverside County, California, where all Defendants either reside, are employed, or conduct official business.

3. **Standing (Article III):**

Plaintiff Ruben Mejia has Article III standing because:

- I have suffered specific, concrete injuries, including loss of custody and parental rights, reputational and educational harm, and financial deprivation tied to retaliatory state action.
- These injuries are traceable to the conduct of Defendants acting under color of law, through verifiable actions detailed in public records, pleadings, and sealed proceedings.
- The injuries can be redressed by this Court through monetary damages, declaratory relief, injunctive relief, and civil RICO remedies under federal law.

4. **Demand for Jury Trial:**

Pursuant to **Federal Rule of Civil Procedure 38(b)**, Plaintiff demands a trial by jury on all claims so triable in this action.

**ABSTRACT**

---

- 2 -

Complaint for Violations of Civil Rights (42 U.S.C. § 1983), Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985), and Racketeer Influenced and Corrupt Organizations Act

This Verified Complaint presents a constitutionally and statutorily grounded civil action filed by Ruben Mejia—a disabled U.S. Army veteran, full-time graduate student, and father—alleging coordinated civil rights violations and racketeering activity by government agents and institutions operating under color of state law in Riverside County, California.

After being failed by both public and private legal counsel—one of whom admitted to being influenced by false felony allegations circulated by officials within Riverside County—Plaintiff was forced into pro se litigation. This litigation led him to uncover a deliberate, ongoing scheme among Riverside County actors to retaliate against protected legal activity and suppress the constitutional rights of litigants, particularly those from under-resourced or minority communities. The structure and behavior of this scheme meets the statutory requirements of a racketeering enterprise under 18 U.S.C. § 1961(4), with acts affecting interstate commerce under 18 U.S.C. § 1962(c).

The named Defendants include Riverside County officials and agencies sued in both their individual and official capacities. These include County Counsel Justin Janzen and Minh Tran, Deputy Counsel Warren Chu, CPS representatives, court-appointed minor's counsel Teresa DeVries, dependency counsel Tim Harris, the Riverside County Sheriff's Department, and supervisory staff within the Riverside County Superior Court.

Plaintiff expressly acknowledges that judicial officers and the Riverside County Superior Court, as an institution, are entitled to judicial immunity for acts performed within the scope of their adjudicative functions. However, they are named in this action not for discretionary judicial rulings, but for their administrative and institutional roles in enabling and concealing ongoing unconstitutional conduct by other co-defendants. Where applicable, this complaint seeks only declaratory relief, prospective injunctive relief, and evidentiary accountability against such actors in accordance with clearly established legal standards and controlling precedent.

Together, these actors formed an informal but coordinated enterprise with a shared objective: to silence Plaintiff's advocacy, discredit his testimony, obstruct federal litigation, and ultimately deprive him of custody, income, and constitutional access to the courts.

Riverside County Sheriff's deputies initiated the enforcement wing of this enterprise by disseminating false allegations that Plaintiff was under felony investigation—despite the absence of any formal charges. These fabricated accusations reached Plaintiff's private legal counsel, resulting in a breach of attorney-client trust and loss of representation. Deputies further enforced retaliatory visitation restrictions, including placing Plaintiff in confined, non-therapeutic rooms during court-ordered visitation with his children, suppressing speech, and coordinating welfare checks at key litigation moments.

The Riverside County Superior Court acted through administrative concealment and procedural manipulation. Judicial officers with clear conflicts of interest were permitted to rule on matters involving their own misconduct or their close colleagues. Court staff removed critical filings, altered minute orders, suppressed service records, and refused to calendar disqualification or sanctions motions—constructing a false appearance of procedural regularity.

Complaint for Violations of Civil Rights (42 U.S.C. § 1983), Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985), and Racketeer Influenced and Corrupt Organizations Act

In dependency case DPRI2300216, Plaintiff's parental rights were unlawfully stripped through sealed orders, obstructed hearings, and exclusion from evidentiary proceedings. On July 7, 2023, Plaintiff was placed in an isolated visitation setting without therapeutic justification, advance notice, or legal basis—an act executed by CPS under the supervision of Warren Chu. These settings deliberately conflicted with Plaintiff's academic schedule, threatening both his graduate education and income as a student-veteran.

Teresa DeVries—while actively named as a defendant in both federal and state litigation—submitted sealed recommendations in support of permanent guardianship, based on hearsay from hostile family members, without corroboration. In coordination with Chu and Harris, DeVries participated in a pattern of suppressing evidence, obstructing judicial notice, and reinforcing pre-determined outcomes—all while continuing to serve as court-appointed counsel for the minors in question. These acts were committed while the matter was pending appellate review, under clear judicial scrutiny, and after Defendants had been served with Safe Harbor notices and federal complaints. Together, they establish a coordinated pattern of conduct under 18 U.S.C. § 1962(d).

This lawsuit is supported by verified exhibits, appellate filings, court transcripts, call logs, sealed records, and formal complaints submitted to state and federal oversight agencies. The enterprise's sustained impact on federal funding streams, educational access, cross-state communications, and Plaintiff's protected benefits places its actions squarely within the reach of the Commerce Clause, thereby invoking federal jurisdiction for civil RICO relief.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), and 18 U.S.C. § 1964(c), as further outlined in the following sections. Plaintiff respectfully demands trial by jury on all triable issues pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

## INTRODUCTION

Plaintiff Ruben Mejia brings this federal civil rights and civil RICO action based on years of documented retaliation, procedural irregularities, and constitutional violations committed under color of state law by officials within the County of Riverside. These actions were not isolated administrative errors or mere disagreements with legal outcomes—they reflect a deliberate pattern of misconduct coordinated across multiple public institutions, including the Riverside County Sheriff's Department, County Counsel's Office, Child Protective Services (CPS), and administrative arms of the Riverside County Superior Court. This scheme has demonstrably deprived Plaintiff of fundamental rights protected by the First, Fourth, Fifth, and Fourteenth Amendments.

What began in 2023 as a family court custody dispute involving Plaintiff's minor children quickly escalated into systemic retaliation. County attorneys Minh Tran and Warren Chu, minor's counsel Teresa DeVries, dependency counsel Tim Harris, and other county personnel participated in a course of conduct that—by design—isolated Plaintiff from his children, discredited his federal claims, undermined his academic career, and obstructed legal redress through intimidation, evidentiary manipulation, and procedural sabotage.

- 4 -

Complaint for Violations of Civil Rights (42 U.S.C. § 1983), Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985), and Racketeer Influenced and Corrupt Organizations Act

Riverside County Sheriff's deputies actively enforced these retaliatory efforts. They carried out welfare checks, and visitation restrictions based on unsubstantiated claims—some falsely asserting that Plaintiff was under felony investigation. These fabrications were shared with Plaintiff's legal representatives, including private counsel, leading to a collapse in legal support and triggering a series of cascading harms. The deputies then enforced visitation orders that placed Plaintiff in locked, non-therapeutic settings with his children, while simultaneously suppressing his speech, restricting access to records, and coordinating with CPS agents to interfere with Plaintiff's family integrity.

The Riverside County Superior Court, while shielded by judicial immunity for adjudicative acts, played an enabling role through administrative coordination. Conflicted judges—whose impartiality was compromised by their relationships to parties or prior rulings—were repeatedly permitted to preside over critical hearings. Clerk staff refused to file or calendar disqualification motions, removed objections from the record, withheld service confirmations, and altered public dockets to suppress review of misconduct. These efforts culminated in a judicially sanctioned appearance of normalcy while constitutional violations accumulated behind the scenes.

In dependency case DPRI2300216, Plaintiff's custodial rights were unlawfully terminated through sealed filings, manipulated visitation orders, and suppressed access to evidence and witnesses. On July 7, 2023, Plaintiff was removed from standard visitation settings and placed into isolated, monitored rooms without any judicial finding of harm, therapeutic justification, or pre-hearing notice. CPS agents, acting under Warren Chu's direction, scheduled these visits to interfere with Plaintiff's employment and academic obligations—causing income loss and placing his graduate studies at risk. These actions directly contravened standing court orders and violated Plaintiff's procedural due process rights.

Teresa DeVries, while serving as minor's counsel and simultaneously named as a defendant in federal litigation, submitted sealed recommendations calling for permanent guardianship based on hearsay from estranged family members with documented bias. She did so without recusal, while actively coordinating with Chu and Harris to block evidentiary objections. This occurred after Plaintiff had filed a federal civil complaint, issued Safe Harbor notices, and sought appellate review—further confirming an intent to obstruct litigation and chill Plaintiff's legal speech and redress rights.

The actions described are not speculative. They are supported by sworn testimony, verified records, appellate transcripts, sealed minute orders, administrative filings, call logs, and judicial correspondence. Together, they constitute a pattern of behavior meeting the elements of a civil RICO conspiracy under 18 U.S.C. § 1962(d), with predicate acts—including mail fraud, wire fraud, obstruction, and deprivation of rights—demonstrably affecting interstate commerce.

This case now comes before the Court not merely as a dispute over family law but as a federally grounded challenge to a county-level enterprise operating in violation of the Constitution and federal racketeering law.

**FACTUAL TIMELINE & ENTERPRISE CONDUCT**

Complaint for Violations of Civil Rights (42 U.S.C. § 1983), Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985), and Racketeer Influenced and Corrupt Organizations Act

The following timeline outlines the coordinated conduct of a multi-agency enterprise operating under color of law and is supported by Exhibits A–F, court filings, declarations, minute orders, call transcripts, and correspondence. Together, these facts establish the continuity, structure, and unlawful purpose of an enterprise targeting the Plaintiff through civil rights violations and predicate acts under 18 U.S.C. §§ 1961–1964 (RICO), as well as actionable deprivations under 42 U.S.C. §§ 1983 and 1985.

- **March 2023** – Plaintiff began investigating the death of his children's mother. Soon after, Riverside County CPS—allegedly prompted by malicious reports from Plaintiff's estranged relatives and ex-wife—initiated a series of retaliatory welfare checks. These actions were carried out with direct enforcement support from the Riverside County Sheriff's Department, including unannounced visits and community surveillance, despite the absence of probable cause or evidence of neglect.
- **Spring 2023** – Sheriff's deputies participated in suppressing Plaintiff's movement and voice through unlawful detentions, dissemination of false felony accusations, and failure to investigate Plaintiff's valid concerns about the suspicious death of his ex-partner. Instead, authorities shifted focus to penalizing Plaintiff through dependency enforcement measures.
- **July 2023** – Plaintiff retained private counsel. During a February 2024 mediation, that attorney admitted to Plaintiff that Riverside County officials had informed him—falsely—that Plaintiff was under felony investigation. This coercion caused the attorney to withdraw from vigorously defending Plaintiff's rights. Plaintiff filed a complaint with the California State Bar, which ordered the return of legal fees in full (Exhibit F-5).
- **January 4, 2024** – Defendant Warren Chu filed a dependency report based entirely on hearsay from family members with known conflicts of interest. This report became the basis for restricting Plaintiff's custodial rights, absent any evidentiary hearing, verification, or supporting investigation.
- **Throughout 2024** – Defendant Teresa DeVries, acting as minor's counsel while simultaneously being a named defendant in state and federal litigation, submitted sealed reports recommending termination of Plaintiff's rights. These were based on unverified claims and introduced without evidentiary support. At the same time, her attorney, Defendant Tim Harris, appeared in court defending her position while failing to disclose the pending federal conflict—thus concealing judicial impropriety.
- **2024–2025** – DPSS staff scheduled supervised visits during Plaintiff's known work hours, creating intentional conflict with Plaintiff's employment and academic schedule. This contributed to:
  - Plaintiff's termination from work,
  - Prolonged separation from his children,
  - Documented psychological stress,
  - Retaliatory deprivation of familial contact.

During visitation, DPSS social workers confined Plaintiff in locked rooms, enforced speech restrictions, and denied any explanation or therapeutic support—violating both due process and the intent of existing custody orders.

- **Throughout 2024–2025** – The Riverside County Superior Court acted as an institutional enabler of the misconduct. Judges with clear disqualifying conflicts were permitted to

Complaint for Violations of Civil Rights (42 U.S.C. § 1983), Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985), and Racketeer Influenced and Corrupt Organizations Act

preside over related cases. Clerks refused to calendar motions for disqualification, suppressed key filings, and omitted Plaintiff's objections from official records. Courtroom deputies obstructed service of documents, and sealed orders were issued without proper notice or legal basis—protecting involved parties and blocking appellate review.

- **January 22, 2025** – Plaintiff submitted a formal misconduct complaint to Presiding Judge Jane Doe 1. It documented procedural suppression, sealed rulings, and fabricated hearing records. Judge Doe acknowledged receipt but took no curative or administrative action (Exhibit E).
- **March 25, 2025** – Plaintiff participated in a recorded call with CPS agent Ashley Davis. Davis acknowledged that the County had received advance notice of Plaintiff's intention to file a federal RICO complaint and demand a $25 million settlement. The call transcript confirms knowledge and intent among County officials (Exhibit F).
- **April 7–8, 2025** – Plaintiff issued Safe Harbor sanctions notices under CCP § 128.7 to Defendants Janzen, Tran, and Chu. The notices detailed legal fraud, procedural tampering, and coordinated obstruction. No response or correction was received (Exhibit F-2).
- **May 6, 2025** – In civil case CVRI2500547, Judge John Doe 2 allowed Defendant Justin Janzen to simultaneously act as County Counsel and appear as a represented party. Plaintiff's objections were ignored and omitted from the record. The court issued conflicting sealed orders, four versions of which now exist and are subject to appellate scrutiny (Exhibit D-1).
- **May 12, 2025** – Plaintiff filed this civil RICO and constitutional rights lawsuit in the U.S. District Court for the Central District of California.
- **May 7, 2025** – In appellate case E083652, the California Court of Appeal issued a 15-day deadline for responses regarding allegations of procedural fraud. Only Defendants Harris and DeVries responded—both of whom were named in this federal action two days later.

These coordinated and institutionally backed actions establish the pattern, predicate acts, and structural collaboration required for liability under the RICO statute, while also substantiating federal civil rights violations.

DEFENDANT-SPECIFIC PREDICATE ACTS & CONSTITUTIONAL VIOLATIONS

**1. Riverside County Sheriff's Department** *(Sued in Individual and Official Capacities)*

**Predicate Acts:** 18 U.S.C. § 1503 (Obstruction of Justice); § 1512(b) (Witness Tampering); §§ 1341, 1343 (Mail and Wire Fraud); 42 U.S.C. § 1983 (First, Fourth, Fifth, and Fourteenth Amendment Violations)

**Summary of Conduct:** From mid-2023 through 2025, the Riverside County Sheriff's Department acted as the primary enforcement arm of a coordinated scheme to suppress Plaintiff's federal rights. Deputies routinely ignored Plaintiff's reports of surveillance and trespassing after he began investigating the suspicious death of his children's mother. Despite Plaintiff providing credible evidence—including 911 logs and video footage—officers failed to document or respond, constituting obstruction of justice under § 1503.

Complaint for Violations of Civil Rights (42 U.S.C. § 1983), Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985), and Racketeer Influenced and Corrupt Organizations Act

During court-ordered visitation, deputies confined Plaintiff to isolated rooms, restricted speech regarding his legal cases, and issued verbal threats of removal—actions that qualify as both retaliation and witness tampering under § 1512(b). As litigation advanced, the department refused to comply with court orders regarding therapeutic visitation, manipulated logs, and transmitted altered reports to CPS and dependency courts, triggering mail and wire fraud violations.

Procedural due process violations occurred when deputies denied Plaintiff grievance procedures, selectively enforced orders, and discriminated in the administration of visitation—while similarly situated parents faced no such restrictions. The department's discriminatory targeting of Plaintiff, a disabled Army veteran and self-represented litigant, constituted an equal protection violation. All actions were carried out in coordination with County Counsel and CPS to isolate Plaintiff and obstruct litigation, satisfying the continuity and enterprise structure required under RICO.

### 2. Riverside County Superior Court *(Named as an Enabler Immune to Suit)*

**Predicate Acts (as evidence of enabling role only):** 18 U.S.C. § 1503 (Obstruction of Justice); § 1512(b) (Judicial Interference); §§ 1341, 1343 (Mail and Wire Fraud); 42 U.S.C. § 1983 (First and Fourteenth Amendment Violations)

**Summary of Conduct:** From August 2023 through May 2025, the Riverside County Superior Court acted not as a neutral tribunal but as an institutional facilitator of the County's retaliatory enterprise. While judicial officers' benefit from immunity for decisions made in their judicial capacity, this Court is named solely in its administrative role for enabling, failing to address, and preserving patterns of coordinated misconduct.

The Court allowed judges with active conflicts of interest to preside over cases involving co-defendants, permitted bailiffs and staff to obstruct service and tamper with records, and enabled procedural suppression of Plaintiff's motions and objections. These omissions and failures facilitated retaliation, witness tampering, and material misrepresentations to other judicial bodies—resulting in the distortion of appellate records and violation of constitutional access to justice.

From March 2024 forward, the court transmitted altered or redacted minute orders and failed to respond to Plaintiff's formal complaints or motions for correction, recusal, or sanctions. Clerk staff delayed, lost, or outright refused filings, while judges issued adverse rulings with no basis other than the identity of the filer—namely Plaintiff. Although the institution itself may be immune from damages, its enabling role is central to establishing enterprise structure and continuity under RICO.

**Riverside County Superior Court** *(Named as an Enabler Immune to Suit)*

**Predicate Acts (as evidence of enabling role only):** 18 U.S.C. § 1503 (Obstruction of Justice); § 1512(b) (Judicial Interference); §§ 1341, 1343 (Mail and Wire Fraud); 42 U.S.C. § 1983 (First and Fourteenth Amendment Violations)

**Summary of Conduct:** From August 2023 through May 2025, the Riverside County Superior Court acted not as a neutral tribunal but as an institutional facilitator of the County's retaliatory enterprise. While judicial officers' benefit from immunity for decisions made in their judicial

Complaint for Violations of Civil Rights (42 U.S.C. § 1983), Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985), and Racketeer Influenced and Corrupt Organizations Act

capacity, this Court is named solely in its administrative role for enabling, failing to address, and preserving patterns of coordinated misconduct.

The Court allowed judges with active conflicts of interest to preside over cases involving co-defendants, permitted bailiffs and staff to obstruct service and tamper with records, and enabled procedural suppression of Plaintiff's motions and objections. These omissions and failures facilitated retaliation, witness tampering, and material misrepresentations to other judicial bodies—resulting in the distortion of appellate records and violation of constitutional access to justice.

From March 2024 forward, the court transmitted altered or redacted minute orders and failed to respond to Plaintiff's formal complaints or motions for correction, recusal, or sanctions. Clerk staff delayed, lost, or outright refused filings, while judges issued adverse rulings with no basis other than the identity of the filer—namely Plaintiff. Although the institution itself may be immune from damages, its enabling role is central to establishing enterprise structure and continuity under RICO.

**Institutional Role as Enabler:** The Riverside County Superior Court's administrative apparatus:

- Allowed structural judicial bias to persist unaddressed.
- Facilitated retaliation against a pro se litigant engaged in protected activity.
- Obstructed appellate oversight and external review.
- Created a procedural mechanism to suppress objections, exclude evidence, and shield actors from discovery.

This section does not seek damages from the court as an immune entity but rather identifies it as a critical gatekeeping mechanism that materially advanced the unlawful enterprise alleged throughout this complaint.

### 3. Minh Tran *(Chief County Counsel – Sued in Individual and Official Capacities)*

**Predicate Acts:** 18 U.S.C. § 1503 (Obstruction of Justice); § 1512(b) (Witness Tampering); 18 U.S.C. § 1961(1)(D) (Racketeering); 42 U.S.C. § 1983 (First, Fifth, and Fourteenth Amendment Violations)

**Summary of Conduct:** Minh Tran, in his capacity as Chief County Counsel of Riverside County, exercised direct supervisory control over litigation strategy involving Plaintiff and his family law matters. Despite being on notice of federal removal proceedings (under 28 U.S.C. § 1446(d)), Tran allowed attorneys under his supervision—such as Justin Janzen—to continue litigating in state court as both counsel and defendants, creating an irreconcilable conflict of interest and denying Plaintiff a fair adjudication under the Fourteenth Amendment.

Tran's misconduct included:

- Approving filings that undermined jurisdictional integrity after federal removal was triggered.
- Supervising sealed submissions that concealed federal issues from the dependency court record.

- 9 -

Complaint for Violations of Civil Rights (42 U.S.C. § 1983), Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985), and Racketeer Influenced and Corrupt Organizations Act

- Coordinating CPS narratives for risk manufacturing based on unverified, retaliatory allegations.
- Permitting and perpetuating judicial and procedural misconduct by failing to advise the court or initiate recusals where ethical duties required.

Tran was instrumental in formulating a litigation blueprint that used dependency court as a tool to undercut Plaintiff's civil suits. Plaintiff possesses communications from Tran's office confirming this knowledge.

**Constitutional Violations:**

- **First Amendment:** Retaliation for legal advocacy and public complaint.
- **Fifth Amendment:** Procedural deprivation of legal claims and academic aid.
- **Fourteenth Amendment:** Use of conflicted personnel and case misdirection to deny Plaintiff fair process.

**Statutory Predicate Acts:**

- 18 U.S.C. § 1503 – Obstruction of justice
- 18 U.S.C. § 1512(b) – Witness tampering / litigation suppression
- 18 U.S.C. § 1961(1)(D) – Racketeering through administrative misuse of power

**RICO Enterprise Role:** Tran functioned as the central coordinator of strategy within the County enterprise. He integrated dependency court actions, civil filings, and coordinated CPS narratives to produce a seamless campaign of retaliation and obstruction designed to prevent external review, frustrate Plaintiff's rights, and isolate him legally and financially. He is directly liable under federal law for orchestrating these retaliatory patterns and is named in both his personal and official capacities.

   **4. Justin Janzen** *(Deputy County Counsel – Sued in Individual and Official Capacities)*

**Predicate Acts:** 18 U.S.C. § 1503 (Obstruction of Justice); § 1512(b) (Witness Tampering); §§ 1341 & 1343 (Mail and Wire Fraud); 18 U.S.C. § 1961(1)(D) (Racketeering); 42 U.S.C. § 1983 (First, Fifth, and Fourteenth Amendment Violations)

**Summary of Conduct:** Justin Janzen actively litigated on behalf of Riverside County in multiple proceedings where he was also a named defendant. On May 6, 2025, Janzen appeared in CVRI2500547 as both County counsel and co-defendant. Despite Plaintiff's objection, the court's minute order excluded this fact, resulting in a distorted judicial record.

Janzen proceeded with state court litigation after Plaintiff filed a federal removal under 28 U.S.C. § 1446(d), violating federal jurisdictional control. He failed to respond to valid sanctions notices under California Code of Civil Procedure § 128.7 and filed retaliatory motions meant to deter Plaintiff's litigation.

Complaint for Violations of Civil Rights (42 U.S.C. § 1983), Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985), and Racketeer Influenced and Corrupt Organizations Act

Janzen coordinated with co-defendants Tran and Chu to manipulate dependency court proceedings, using sealed documents and custodial reports to undermine Plaintiff's standing in civil court. His conduct enabled the laundering of dependency court rulings into unrelated civil litigation without proper jurisdiction or disclosure.

**Constitutional Violations:**

- **First Amendment:** Retaliation for protected litigation and speech.
- **Fifth Amendment:** Undermining access to federal process and remedies.
- **Fourteenth Amendment:** Deprivation of a neutral forum and procedural equality.

**Statutory Predicate Acts:**

- 18 U.S.C. § 1503 – Obstruction of justice
- 18 U.S.C. § 1512(b) – Witness and record tampering
- 18 U.S.C. §§ 1341 & 1343 – Fraud through electronic and mailed filings
- 18 U.S.C. § 1961(1)(D) – Racketeering via abuse of legal process

**RICO Enterprise Role:** Janzen functioned as the tactical executor of the County's litigation strategy. He ensured that dependency court outcomes could be reused against Plaintiff in civil litigation. Janzen used his position to implement sealed filings, deceptive reports, and jurisdictional confusion to prevent fair adjudication and suppress constitutional claims. He operated under color of law in a pattern of retaliatory and fraudulent litigation.

**5.  Warren Chu** *(Supervising County Counsel – Sued in Individual and Official Capacities)*

**Predicate Acts:** 18 U.S.C. § 1503 (Obstruction of Justice); § 1512 (Witness Tampering); 18 U.S.C. § 1961(1)(D) (Racketeering); 42 U.S.C. § 1983 (First, Fourth, Fifth, and Fourteenth Amendment Violations)

**Summary of Conduct:** Warren Chu oversaw dependency litigation during periods in which Plaintiff was actively suing CPS, County Counsel, and minor's counsel. Chu participated in filing dependency reports rooted in hearsay from adverse family witnesses, presenting these without opportunity for cross-examination or evidentiary challenge.

He authorized visitation arrangements that excluded therapeutic oversight, placed Plaintiff in isolation, and restricted speech without court order—constituting constructive retaliation.

Despite receiving federal notice and sanctions warnings, Chu continued to appear in court and approve filings in direct contradiction to jurisdictional and ethical standards. He failed to seek recusal or pause proceedings, compounding constitutional violations and enabling procedural sabotage.

**Constitutional Violations:**

- **First Amendment:** Retaliation and speech restriction during visitation.

- 11 -

- **Fourth Amendment:** Seizure of familial rights without cause.
- **Fifth Amendment:** Deprivation of liberty and procedural protections.
- **Fourteenth Amendment:** Systematic denial of fair process.

**Statutory Predicate Acts:**

- 18 U.S.C. § 1512 – Witness tampering (via coordinated minor's counsel misconduct)
- 18 U.S.C. § 1503 – Obstruction of justice (suppressed filings, exclusion of evidence)
- 18 U.S.C. § 1961(1)(D) – Racketeering via procedural retaliation

**RICO Enterprise Role:** Chu operated as the courtroom manager of the County's retaliation structure. He converted civil retaliation strategies into dependency court actions. Through control of access to court records, visitation conditions, and procedural tactics, Chu enforced strategies devised by Tran and implemented by Janzen. His involvement links litigation strategy directly to courtroom suppression, fulfilling RICO elements under 18 U.S.C. §§ 1961–1964.

### 6. Teresa DeVries *(Court-Appointed Minor's Counsel – Sued in Individual Capacity)*

**Predicate Acts:** 18 U.S.C. § 1503 (Obstruction of Justice); § 1512(b) (Witness Tampering); §§ 1341 & 1343 (Mail and Wire Fraud); 18 U.S.C. § 1961(1)(D) (Racketeering); 42 U.S.C. § 1983 (First, Fourth, Fifth, and Fourteenth Amendment Violations)

**Summary of Conduct:** Teresa DeVries served as minor's counsel for Plaintiff's children in dependency case DPRI2300216 while simultaneously being a named defendant in ongoing state and federal civil rights litigation. On January 4, 2024, DeVries submitted a sealed report recommending termination of Plaintiff's parental rights, citing hearsay from estranged family members without providing an opportunity for evidentiary challenge or cross-examination.

DeVries collaborated directly with County Counsel Warren Chu and Tim Harris while litigation was pending and submitted recommendations that furthered the County's retaliatory aims rather than advocating for the children's best interests. Her filings were incorporated into manipulated court records used in parallel litigation, including sealed minute orders.

**Constitutional Violations:**

- **First Amendment:** Retaliation against Plaintiff for protected legal complaints.
- **Fourth and Fifth Amendments:** Violation of Plaintiff's privacy and deprivation of familial access without due process.
- **Fourteenth Amendment:** Denial of Plaintiff's rights to familial association and fair hearings.

**Statutory Predicate Acts:**

- 18 U.S.C. § 1503 – Obstruction of justice (through biased reporting)
- 18 U.S.C. § 1512(b) – Witness tampering

- 12 -

Complaint for Violations of Civil Rights (42 U.S.C. § 1983), Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985), and Racketeer Influenced and Corrupt Organizations Act

- 18 U.S.C. §§ 1341 & 1343 – Mail and wire fraud through sealed electronic court communications
- 18 U.S.C. § 1961(1)(D) – Racketeering activity by state-aligned legal actor

**Ethical Violations:**

- California Rule of Professional Conduct 1.7 – Conflict of interest
- In re Marriage of Laurenti, 154 Cal. App. 4th 395 – Failure to remain neutral and independent as minor's counsel

**RICO Enterprise Role:** DeVries acted as the enterprise's internal agent of influence. Her reports were presented as neutral but served the County's litigation agenda. She lent courtroom legitimacy to coordinated retaliation by leveraging her official status and misusing judicial deference to minor's counsel.

### 7. Tim Harris *(Counsel for Minor's Counsel – Sued in Individual Capacity)*

**Predicate Acts:** 18 U.S.C. § 1503 (Obstruction of Justice); § 1512(b) (Witness Tampering); §§ 1341 & 1343 (Mail and Wire Fraud); 18 U.S.C. § 1961(1)(D) (Racketeering); 42 U.S.C. § 1983 (First, Fifth, and Fourteenth Amendment Violations)

**Summary of Conduct:** Tim Harris represented Teresa DeVries during a period in which she was a named defendant in federal litigation concerning her actions as minor's counsel. Despite the conflict, Harris continued to litigate dependency matters affecting Plaintiff's parental rights, without disclosure of the pending federal lawsuit.

Harris filed motions and defended retaliatory reports that contradicted Plaintiff's appellate claims. He coordinated litigation efforts with Warren Chu and others to preserve DeVries' role and shield the County's dependency strategy from judicial scrutiny. These filings included sealed and manipulated records transmitted during the pendency of the federal complaint.

**Constitutional Violations:**

- **First Amendment:** Retaliation for Plaintiff's protected speech and legal filings.
- **Fifth Amendment:** Interference with liberty and procedural access.
- **Fourteenth Amendment:** Denial of due process and equal treatment.

**Statutory Predicate Acts:**

- 18 U.S.C. § 1503 – Obstruction of justice
- 18 U.S.C. § 1512(b) – Legal suppression and litigation manipulation
- 18 U.S.C. §§ 1341 & 1343 – Mail/wire fraud via submission of manipulated records
- 18 U.S.C. § 1961(1)(D) – Participation in coordinated racketeering

**Ethical Breaches:**

- 13 -

Complaint for Violations of Civil Rights (42 U.S.C. § 1983), Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985), and Racketeer Influenced and Corrupt Organizations Act

- California Rule 1.7 – Conflict of interest
- Rule 3.3 – Failure of candor to the tribunal

**RICO Enterprise Role:** Harris served as the procedural firewall for the County's enterprise. By maintaining courtroom legitimacy for DeVries, he protected downstream actors and insulated prior misconduct from appellate challenge. His filings masked DeVries' legal exposure and impeded oversight by the Court of Appeal and federal judiciary.

### 8. DOES 1–50: UNNAMED DEFENDANTS AND ENABLERS OF SYSTEMIC RIGHTS VIOLATIONS

Plaintiff alleges that up to fifty (50) unnamed defendants—hereinafter referred to as "DOES 1–50"—participated in or enabled a pattern of coordinated misconduct that, when combined with the actions of named defendants, advanced an enterprise of constitutional deprivation, retaliatory abuse, and obstruction of lawful litigation.

These DOES include public actors operating under color of state law, as well as private individuals acting in conspiracy with government agents. Their identities will be revealed through discovery. Each DOE contributed materially to the suppression of Plaintiff's parental rights, access to redress, and exercise of protected speech.

I. CLASSIFICATIONS OF DOES 1–50

**1. CPS Caseworkers and Investigators:**

- Initiated dependency actions based on unverified claims without fulfilling statutory or constitutional standards for investigation.
- Submitted reports excluding exculpatory context and relied on sealed hearsay, later admitted into evidence without adversarial challenge.
- Participated in scheduling conflicts that undermined Plaintiff's employment and access to his children, thus escalating deprivation and family harm.

**2. Private Collaborators and Informants:**

- Acted as state proxies by providing uncorroborated allegations to CPS and County Counsel with knowledge that these claims would be used to justify invasive state action.
- Conspired with CPS officials to bypass formal procedures and circumvent the court's neutral fact-finding function.
- Provided retaliatory testimony and declarations used in dependency and civil proceedings while avoiding cross-examination.

**3. Court Clerks and Judicial Assistants:**

- Repeatedly rejected, delayed, or misfiled Plaintiff's legal documents, including federal notices and recusal motions.

Complaint for Violations of Civil Rights (42 U.S.C. § 1983), Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985), and Racketeer Influenced and Corrupt Organizations Act

- Failed to calendar disqualification hearings or reflect objections in official records, thus fabricating a sanitized procedural history.
- Improperly sealed public filings and failed to preserve accurate minute orders.

**4. Courthouse Security and Bailiff Personnel:**

- Participated in intimidation during court proceedings, including shadowing Plaintiff and restricting his courtroom movement without provocation or judicial order.
- Enforced unauthorized visitation conditions, including unlawful isolation and gag policies that violated Plaintiff's First and Fourteenth Amendment rights.

## II. LEGAL BASIS FOR INCLUDING DOES 1–50

Plaintiff's inclusion of unnamed defendants is consistent with federal pleading practice under **Fed. R. Civ. P. 10(a)** and case law permitting placeholder defendants where identities are unknown, but roles are specifically alleged.

In accordance with *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), Plaintiff pleads:

- Specific roles and functions of DOES within the retaliatory enterprise.
- Their connection to constitutional harm and predicate conduct.
- A plausible legal theory for liability under **42 U.S.C. §§ 1983, 1985** and **18 U.S.C. § 1961 et seq.**

## III. CONSTITUTIONAL VIOLATIONS ALLEGED AGAINST DOES

- **First Amendment:** Suppression of Plaintiff's protected speech during visitation and in public forums; retaliation for pro se litigation.
- **Fourth Amendment:** Unlawful intrusion into Plaintiff's parental domain and family life without probable cause.
- **Fifth Amendment:** Deprivation of liberty and property without a neutral hearing, including educational and custodial rights.
- **Fourteenth Amendment:** Arbitrary denial of due process; unequal treatment compared to similarly situated litigants.

## IV. PREDICATE RICO VIOLATIONS

- **18 U.S.C. § 1503:** Obstruction of justice via alteration or omission of court records and administrative retaliation.
- **18 U.S.C. § 1512:** Witness tampering and procedural coercion, including threats of contempt and denial of access.
- **18 U.S.C. §§ 1341, 1343:** Mail and wire fraud through transmission of fabricated or redacted documents to courts and agencies.
- **18 U.S.C. § 1961(1)(D):** Participation in an enterprise through the misuse of government power and suppression of Plaintiff's civil rights.

Complaint for Violations of Civil Rights (42 U.S.C. § 1983), Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985), and Racketeer Influenced and Corrupt Organizations Act

## V. RELEVANT AUTHORITIES

- *Carey v. Piphus*, 435 U.S. 247 (1978) – Constitutional injuries merit redress even without monetary loss.
- *Goldberg v. Kelly*, 397 U.S. 254 (1970) – Fundamental rights cannot be revoked without pre-deprivation process.
- *Dennis v. Sparks*, 449 U.S. 24 (1980) – Private individuals acting jointly with state officials may be liable under § 1983.
- *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970) – Liability under color of law attaches to co-conspirators in rights violations.

## ECONOMIC SUPPRESSION AS A RICO PREDICATE ACT

Plaintiff Ruben Mejia alleges that the named Defendants—specifically Minh Tran, Justin Janzen, Warren Chu, Teresa DeVries, and Tim Harris—implemented a coordinated campaign of economic suppression as part of a broader civil RICO enterprise. This strategy was designed to undermine Plaintiff's access to the courts, interfere with his education and livelihood, and ultimately suppress federally protected rights through abuse of government authority. These acts constitute predicate offenses under 18 U.S.C. § 1961(1)(D), and actionable violations under 42 U.S.C. § 1983.

## I. SPECIFIC ECONOMICALLY TARGETED ACTIONS

### 1. Retaliatory Visitation Scheduling (2023–2024):

- County Counsel and CPS agents scheduled court-ordered supervised visitations to conflict with Plaintiff's paid work shifts without therapeutic oversight or mutual consent.
- As a result, Plaintiff suffered:
  - Loss of employment,
  - Decrease in income,
  - Increased financial instability.
- (See Exhibits F-3, D-2.)

### 2. Interference with Federally Protected Academic Status (2023–2025):

- By restricting Plaintiff's access to income and impeding his time-sensitive legal obligations, Defendants jeopardized his ability to remain enrolled full-time in his federally subsidized graduate program at San Diego State University.
- Consequences included:
  - Delays in student aid disbursement (including Pell and VA-based grants),
  - Risk of dismissal from academic standing,
  - Threats to research funding and thesis project continuity.
- (See Exhibits A-4, F-4.)

### 3. Sabotage of Legal Representation Through Fraudulent Communications (2023–2024):

- 16 -

Complaint for Violations of Civil Rights (42 U.S.C. § 1983), Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985), and Racketeer Influenced and Corrupt Organizations Act

- County officials falsely informed Plaintiff's retained attorney that Plaintiff was under active felony investigation—despite no formal charges—causing the attorney to limit engagement and eventually withdraw.
- Plaintiff paid $12,000 for this representation; the California State Bar later ordered a refund after a successful misconduct claim.
- (See Exhibits C-4, F-2, F-5.)

**4. Procedural Obstruction of Filing Access and Court Presence:**

- Plaintiff was denied physical access to courthouses and subjected to restrictions during visitation and proceedings:
  - Denial of parking access for supervised visits,
  - Sealing of key court orders,
  - Refusal by clerks to process filings,
  - Suppression of objections and exhibits from court minutes.
- (See Exhibits D, E, and G.)

## II. CONSTITUTIONAL VIOLATIONS

The above actions collectively violate:

- **First Amendment** – Retaliation against Plaintiff's protected litigation activity and public grievances.
- **Fifth Amendment** – Deprivation of Plaintiff's property (employment, education funding, legal access) without due process of law.
- **Fourteenth Amendment** – Arbitrary denial of Plaintiff's liberty interests in parenthood, education, and redress through unequal treatment and suppression of legal mechanisms.
- **42 U.S.C. § 1983** – Each act was committed under color of law and with deliberate indifference to Plaintiff's constitutional protections.

## III. RICO PREDICATE ACTS (18 U.S.C. § 1961)

The Defendants' conduct satisfies multiple RICO predicate violations, including:

- **18 U.S.C. § 1503** – Obstruction of justice: blocking filings, restricting access to courts, and altering procedural records.
- **18 U.S.C. § 1512(b)** – Witness tampering: targeting legal representation through misinformation and discouraging testimony.
- **18 U.S.C. §§ 1341, 1343** – Mail and wire fraud: through submission of sealed or altered records in dependency and civil proceedings.
- **42 U.S.C. § 1983** – Use of public office to retaliate against Plaintiff for filing protected grievances and legal challenges.

## IV. CONTROLLING CASE LAW

Complaint for Violations of Civil Rights (42 U.S.C. § 1983), Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985), and Racketeer Influenced and Corrupt Organizations Act

- **M.L.B. v. S.L.J., 519 U.S. 102 (1996):** Access to appellate review may not be blocked based on inability to pay; here, Defendants interfered with both funding and procedural access.
- **Gideon v. Wainwright, 372 U.S. 335 (1963):** Indigent parties must receive legal counsel; interfering with that counsel by fraud amounts to a due process violation.
- **Carey v. Piphus, 435 U.S. 247 (1978):** Constitutional violations do not require financial harm to be actionable; the deprivation itself is compensable.
- **Goldberg v. Kelly, 397 U.S. 254 (1970):** The Court must ensure procedural protections before depriving government benefits, education, or liberty.

V. ROLE OF ECONOMIC SUPPRESSION IN THE ENTERPRISE

This economic retaliation was not incidental—it was structural. It served the enterprise's core goal: to destabilize Plaintiff's litigation efforts, discourage public exposure, and exhaust his capacity to pursue accountability. Through financial targeting and procedural manipulation, the Defendants worked to:

- Undermine Plaintiff's education and research.
- Strip access to competent counsel.
- Delay court filings and hearings.
- Deter future advocacy through economic harm.

In line with **H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229 (1989)**, these repeated acts meet the continuity and relatedness test required to establish a "pattern" under RICO. The financial harm suffered was integral to the enterprise's scheme and remains redressable under 18 U.S.C. § 1964(c).

**CAUSES OF ACTION**

**Count I: Civil RICO Conspiracy (18 U.S.C. § 1962(d))**

**Who:** Defendants Minh Tran, Justin Janzen, Teresa DeVries, Warren Chu, Tim Harris, Jane Doe 1, John Doe 2, the Riverside County Sheriff's Department, the Riverside County Superior Court, and DOES 1–50.

**What:** Formed and maintained a multi-agency enterprise under color of law to retaliate against and suppress the legal efforts of Plaintiff Ruben Mejia.

**Where:** Riverside County, California — across dependency courtrooms, civil court filings, Sheriff's Department enforcement zones, and educational institutions.

**How:** Coordinated obstruction, intimidation, procedural sabotage, financial sabotage, and evidentiary suppression via manipulated court records, sealed orders, and coerced visitation scheduling.

**Violations:**

- 18 -

Complaint for Violations of Civil Rights (42 U.S.C. § 1983), Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985), and Racketeer Influenced and Corrupt Organizations Act

- First Amendment (retaliation for litigation and grievances)
- Fifth and Fourteenth Amendments (deprivation of liberty, due process, and educational rights)

**Predicate Acts (18 U.S.C. § 1961):**

- § 1503 – Obstruction of justice
- § 1512 – Witness tampering
- §§ 1341, 1343 – Mail and wire fraud

**Case Law:**

- *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229 (1989)
- *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479 (1985)

**Count II: Deprivation of Civil Rights Under Color of Law (42 U.S.C. § 1983)**

**Who:** Same as Count I.

**What/Where/How:** Acted individually and collectively to fabricate CPS filings, suppress exculpatory evidence, obstruct visitation, manipulate procedural records, and hinder Plaintiff's access to education, court, and legal counsel.

**Violations:**

- First Amendment – Suppression of protected speech
- Fourth Amendment – Unlawful seizure of family rights
- Fifth and Fourteenth Amendments – Deprivation of property, liberty, and educational rights without due process

**Case Law:**

- *Monroe v. Pape*, 365 U.S. 167 (1961)
- *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978)

**Count III: Civil Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985)**

**Who:** County legal staff, CPS, Sheriff's deputies, judicial actors, and private informants.

**What:** Engaged in collusive conduct aimed at obstructing justice, targeting Plaintiff with false reports, suppressing constitutional objections, and influencing litigation outcomes.

**How:** Through sealed records, off-record communication, omitted filings, fabricated narratives, and witness suppression.

**Case Law:**

- 19 -

Complaint for Violations of Civil Rights (42 U.S.C. § 1983), Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985), and Racketeer Influenced and Corrupt Organizations Act

- *Griffin v. Breckenridge*, 403 U.S. 88 (1971)
- *Kush v. Rutledge*, 460 U.S. 719 (1983)

**Count IV: Retaliation for Protected Speech (First Amendment)**

**Who:** All named defendants.

**What/How:** Responded to Plaintiff's protected litigation activity by stripping visitation rights, limiting in-court speech, suppressing complaints, and denying academic and judicial redress.

**Case Law:**

- *Perry v. Sindermann*, 408 U.S. 593 (1972)
- *Hartman v. Moore*, 547 U.S. 250 (2006)

**Count V: Procedural and Substantive Due Process Violations (Fourteenth Amendment)**

**What/How:**

- Sealed hearings denying rebuttal
- Omitted constitutional objections
- Interference with aid and legal access
- Use of minor's counsel as a tool of suppression

**Case Law:**

- *Goldberg v. Kelly*, 397 U.S. 254 (1970)
- *Carey v. Piphus*, 435 U.S. 247 (1978)

**Count VI: Equal Protection and Targeted Financial Deprivation**

**Who:** County officials and agents who manipulated visitation, education access, and financial resources.

**How:**

- Blocking academic aid
- Misleading Plaintiff's attorney
- Scheduling visitations to conflict with work
- Administrative targeting of indigency

**Case Law:**

- *M.L.B. v. S.L.J.*, 519 U.S. 102 (1996)
- *Gideon v. Wainwright*, 372 U.S. 335 (1963)

Complaint for Violations of Civil Rights (42 U.S.C. § 1983), Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985), and Racketeer Influenced and Corrupt Organizations Act

**Count VII: Obstruction of Justice (18 U.S.C. § 1503) and Witness Tampering (18 U.S.C. § 1512)**

**What/How:**

- Sealing critical records
- Suppressing filings and transcripts
- Allowing false reports to influence custody and litigation outcomes

**Violations:**

- Legal interference
- Tampering with testimony and advocacy tools

**Count VIII: Abuse of Office and Judicial Misconduct (Canon 3, Federal Standards)**

**Who:** Jane Doe 1, John Doe 2, and judiciary actors.

**What:**

- Failed to refer misconduct
- Allowed dual representation and sealed hearings without cause
- Obstructed appeals by manipulating record integrity

**Violations:**

- Judicial Canons
- Federal supervisory obligations

**Summary:** Each count is supported by attached exhibits, timeline events, and cited statutes. Together, they establish a clear enterprise structure of systemic retaliation, procedural deprivation, and ongoing conspiracy to suppress Plaintiff's protected rights under color of state authority.

I. Clarification of the RICO Enterprise Structure

This case arises not from a single isolated violation but from the deliberate orchestration of a coordinated enterprise. Under 18 U.S.C. § 1961(4), the RICO enterprise alleged herein constitutes a structured and continuous organization of public agencies, judicial officers, legal actors, and cooperating private individuals operating in a unified scheme to retaliate against, financially suppress, and procedurally obstruct Plaintiff Ruben Mejia.

Composition of the Enterprise:

The enterprise consisted of:

Complaint for Violations of Civil Rights (42 U.S.C. § 1983), Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985), and Racketeer Influenced and Corrupt Organizations Act

- **Riverside County's Office of County Counsel** (led by Minh Tran and executed by Justin Janzen and Warren Chu).
- **Child Protective Services (CPS)** and supervising staff.
- **Court-appointed minor's counsel** (Teresa DeVries), her private legal defense (Tim Harris), and their collaborative conduct with County attorneys.
- **The Riverside County Sheriff's Department**, acting as physical enforcers, suppressing visitation rights, issuing speech restrictions, and obstructing access to public resources.
- **The Riverside County Superior Court**, including judges Jane Doe 1 and John Doe 2, acting not as neutral arbiters, but as institutional enablers of procedural sabotage and concealment.
- **Clerks, bailiffs, and court administrators**, who suppressed filings, tampered with court access, sealed key rulings, and obstructed public oversight.
- **Private individuals**, namely estranged relatives and informants, acting as extensions of the state through knowingly false statements and retaliatory coordination.

This structure reflects a hierarchy of operational roles, with clear delineation of intent, timing, and inter-agency cooperation.

Operational Roles within the Enterprise:

| Actor | Enterprise Role |
|---|---|
| **Minh Tran (Chief County Counsel)** | Oversaw litigation strategy and approved filings after federal removal (violating 28 U.S.C. § 1446(d)); authorized sealed court orders and the suppression of evidence that harmed Plaintiff's civil and parental rights. |
| **Justin Janzen (Deputy County Counsel)** | Filed pleadings as a simultaneously named defendant; participated in hearings post-removal; engaged in Safe Harbor violations and coordinated suppression of Plaintiff's legal strategy (see Exhibits D-1, D-3, D-4). |
| **Warren Chu (Dependency Supervisor)** | Controlled the strategy in dependency case DPRI2300216; submitted unverified reports targeting Plaintiff; denied therapeutic visitation; and scheduled court-ordered visits during work hours to sabotage employment (Exhibits F-3, F-5). |
| **Teresa DeVries (Minor's Counsel)** | Filed the sealed January 4, 2024, report that became the basis of permanent guardianship (Exhibit F, pp. 129–132); failed to recuse from cases where she was also a respondent. |
| **Tim Harris (Private Counsel)** | Represented DeVries post-RICO service without notifying the court; shielded dependency findings from appellate review; failed to disclose legal conflicts; did not appear at oral argument in appellate case E083652. |
| **Jane Doe 1 (Presiding Judge)** | Received and ignored misconduct complaints from Plaintiff (January and March 2025); failed to disqualify conflicted judges or refer for Commission review (Exhibit E, pp. 90–99). |

Complaint for Violations of Civil Rights (42 U.S.C. § 1983), Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985), and Racketeer Influenced and Corrupt Organizations Act

| Actor | Enterprise Role |
|-------|-----------------|
| **John Doe 2 (Judicial Officer)** | Oversaw CVRI2500547; issued four conflicting minute orders omitting objections; permitted dual representation by Janzen in active litigation; sealed courtroom record post-federal removal. |
| **Riverside County Sheriff's Department** | Enforced retaliatory visitation settings; restricted Plaintiff's courtroom access; failed to investigate complaints; suppressed visitation speech; and misrepresented risk to enforce lockdown visitation (Exhibit F, pp. 143–152). |
| **Riverside County Superior Court (Institutional Role)** | Operated as the concealment engine of the enterprise; denied calendaring, omitted disqualification motions, sealed rulings critical to civil litigation, and failed to maintain impartial adjudication (Exhibit E, pp. 90–99). |
| **Private Individuals (Family Informants)** | Supplied false statements and served as unofficial agents of the County; worked with CPS to fabricate narratives that were never subjected to adversarial testing (Exhibit F, pp. 129–135). |

Legal Framework and Continuity of Structure:

Under **H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229 (1989)**, a RICO enterprise must exhibit "continuity plus relationship." The Defendants' conduct meets both prongs:

- **Continuity**: The conspiracy spanned **March 2023 through mid-2025**, with continuous suppression of court access, visitation rights, procedural fairness, and academic funding.
- **Relationship**: The roles of each actor were not duplicative, but complementary working across branches of government and extending into the judicial and educational spheres. Each Defendant either actively contributed or passively enabled the enterprise's unlawful objectives.

Enterprise Purpose and Coordination:

The objective of the enterprise was to eliminate Plaintiff's ability to:

1. Challenge state conduct in court,
2. Retain legal representation,
3. Complete federally funded academic research,
4. Maintain access to his children.

These acts were executed with knowledge, timing, and intention sufficient to constitute a **pattern of racketeering activity** under 18 U.S.C. § 1961(5).

Through filings, transcripts, emails, sealed court orders, and formal communications with judicial officers, Plaintiff has attached direct and circumstantial evidence (see Exhibits A–F) that supports a finding of:

Complaint for Violations of Civil Rights (42 U.S.C. § 1983), Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985), and Racketeer Influenced and Corrupt Organizations Act

- **Enterprise structure (18 U.S.C. § 1961(4)),**
- **Multiple predicate acts (18 U.S.C. § 1961(1)),** and
- **A shared scheme of suppression, retaliation, and fraud under 18 U.S.C. §§ 1962(c)-(d).**

## II. Continuity and Ongoing Public Threat

The enterprise remains structurally active. As of June 2025, the named actors continue to exercise official roles with access to sensitive litigation, family court oversight, and public administrative systems.

The **Riverside County Sheriff's Department** still functions as the coercive enforcement mechanism—limiting speech, retaliating against whistleblowers, and managing access to the courts. The **Riverside County Superior Court**, through judge assignments and administrative inaction, continues to allow:

- Strategic sealing of transcripts,
- Suppression of constitutional filings,
- Denial of appeals and disqualification motions,
- Control over public access to litigation records.

Plaintiff has faced renewed retaliation after the filing of his federal complaint on **May 12, 2025**, including:

- Escalated visitation suppression,
- Withheld transcripts,
- Ongoing denial of academic, procedural, and parental access.

This retaliation signals a **present and future threat** to similarly situated individuals—particularly pro se litigants, minority parents, and whistleblowers—who challenge institutional misconduct.

As defined in *H.J. Inc.*, a RICO pattern requires a threat of continued illegal conduct. Here, that threat is substantiated by ongoing suppression, recent sealed actions, and the uncorrected authority of the same actors within Riverside County's infrastructure. Without federal intervention, the harm to Plaintiff and others will continue unchecked.

## III. Economic Retaliation and Systematic Deprivation

The enterprise leveraged economic suppression as a primary tactic to eliminate Plaintiff's ability to litigate, study, and advocate for his rights. As held in *M.L.B. v. S.L.J.*, 519 U.S. 102 (1996) and *Gideon v. Wainwright*, 372 U.S. 335 (1963), the Constitution prohibits wealth-based discrimination in the access to justice. Yet here, Riverside County actors coordinated economic sabotage to collapse Plaintiff's litigation and academic foundation.

Complaint for Violations of Civil Rights (42 U.S.C. § 1983), Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985), and Racketeer Influenced and Corrupt Organizations Act

Specific Acts of Financial Suppression:

- **Workplace Interference**: CPS and County Counsel scheduled court-ordered supervised visitations during Plaintiff's paid work hours without his input. This conflict led to loss of employment and diminished earning capacity.
- **Academic Disruption**: The same scheduling, combined with sealed and obstructed court documents, jeopardized Plaintiff's full-time enrollment and nearly forced his withdrawal from SDSU. He lost access to:
  - o  Federal financial aid disbursements
  - o  Housing and disability-based assistance
  - o  Graduate research continuity and academic thesis development
- **Legal Counsel Interference**: County officials misrepresented that Plaintiff was under felony investigation, prompting his private attorney to withdraw after accepting $12,000. The California State Bar later ordered a refund. (See Exhibit D, pp. 83–87)
- **Logistical & Administrative Sabotage**: Court clerks failed to process time-sensitive filings, obstructed calendar access, and refused docketing of key disqualification and sanctions motions. Plaintiff's access to physical court proceedings was obstructed by court deputies who limited his mobility, denied him parking access, and enforced speech restrictions.

Violations and Legal Standards:

- **42 U.S.C. § 1983** – Retaliation under color of law through deliberate economic sabotage
- **18 U.S.C. § 1503** – Obstruction of justice through financial and procedural interference
- **18 U.S.C. § 1512** – Interference with litigation and witness rights via systemic isolation
- **18 U.S.C. § 1341 & § 1343** – Mail and wire fraud in the transmission of false sealed records that caused benefit delays

Constitutional Rights Violated:

- **First Amendment** – Retaliation for protected litigation, public grievances, and academic inquiry
- **Fifth Amendment** – Deprivation of property (employment, educational access, funds) without lawful adjudication
- **Fourteenth Amendment** – Disparate treatment and denial of fair process in dependency and civil court proceedings

Supporting Case Law:

- *M.L.B. v. S.L.J.*, 519 U.S. 102 (1996) – Due process cannot be contingent on ability to pay
- *Carey v. Piphus*, 435 U.S. 247 (1978) – non-monetary harm arising from constitutional violations is compensable
- *Goldberg v. Kelly*, 397 U.S. 254 (1970) – Entitlement to benefits requires fair notice and opportunity for hearing

Complaint for Violations of Civil Rights (42 U.S.C. § 1983), Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985), and Racketeer Influenced and Corrupt Organizations Act

The systematic deprivation of Plaintiff's economic foundation was not incidental—it was the enterprise's central method for ensuring procedural advantage and chilling judicial review. Without relief, Plaintiff remains in a state of suspended rights, blocked access, and active financial harm.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff **Ruben Mejia** respectfully prays that this Court grant judgment in his favor against all named Defendants—**in both their individual and official capacities**—and issue the following:

I. Declaratory Relief

A judicial declaration that:

1. Defendants violated Plaintiff's constitutional rights under the **First**, **Fourth**, **Fifth**, and **Fourteenth Amendments** to the United States Constitution.
2. Defendants engaged in a **pattern of racketeering activity** in violation of the **Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–1964**, including obstruction, witness tampering, mail/wire fraud, and coordinated retaliation.
3. Defendants acted **under color of law** to deprive Plaintiff of federally protected rights, in violation of **42 U.S.C. § 1983**.
4. Defendants' ongoing conduct represents a **present and continuing threat** to similarly situated individuals, justifying prospective federal oversight and protection.
5. Plaintiff's access to justice, litigation rights, and educational standing may not be denied or hindered based on economic status, under the authority of *M.L.B. v. S.L.J.*, 519 U.S. 102 (1996).

II. Injunctive Relief

A preliminary and permanent injunction requiring that:

1. All **retaliation, suppression, or contact** by or through **Riverside County Counsel**, **DPSS**, **CPS**, or affiliated judicial officers targeting Plaintiff be immediately **halted and prohibited**.
2. **Visitation with Plaintiff's children** be **restored immediately**, with full compliance to prior standing orders, including:
   o Use of **neutral therapeutic supervisors**.
   o Prohibition of **punitive speech restrictions** or physical confinement.
3. All **sealed records, transcripts, and minute orders** in the following proceedings:
   o **CVRI2500547, DPRI2300216, and Appellate Case E083652**
   —that pertain to Plaintiff's constitutional objections, filings, disqualification motions, and evidence—be **unsealed**, restored, and made **available for full federal and appellate review**.
4. **Teresa DeVries**, **Tim Harris**, and any affiliates acting as counsel or case managers in Plaintiff's dependency or civil matters be **disqualified from any current or future**

Complaint for Violations of Civil Rights (42 U.S.C. § 1983), Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985), and Racketeer Influenced and Corrupt Organizations Act

**proceedings** involving Plaintiff or his children, due to irreconcilable conflict of interest and federal litigation overlap.

III. Compensatory Damages

An award of **general, special, and consequential damages** in an amount **not less than $25,000,000**, including but not limited to:

1. Emotional distress, reputational damage, and prolonged trauma from:
   - Loss of parental contact and familial integrity.
   - Suppression of academic and employment progress.
   - Psychological coercion and institutional harassment.
2. Financial losses resulting from:
   - Employment sabotage due to retaliatory scheduling and defamatory targeting.
   - Interference with federal financial aid and graduate research standing.
   - Legal sabotage and coerced withdrawal of legal counsel, including the $12,000 attorney retainer ordered refunded by the California State Bar.
3. Direct and continuing violation of constitutional rights, which warrant monetary redress irrespective of financial loss (*Carey v. Piphus*, 435 U.S. 247 (1978)).

IV. Punitive Damages

An award of **punitive damages** against all **individual-capacity defendants** for:

1. **Malicious, intentional, and reckless disregard** of Plaintiff's constitutional rights and status as a self-represented disabled veteran.
2. **Institutional abuse of power** in suppressing access to courts, federal due process, and academic liberty.
3. **Use of public authority** to shield personal liability and conceal misconduct across state proceedings.

V. Nominal Damages

An award of **nominal damages** for each verified instance of a constitutional violation, where compensatory harm may not be monetarily quantifiable, consistent with *Carey v. Piphus*, 435 U.S. 247 (1978).

VI. Fees and Costs

An order requiring Defendants to pay:

1. All **filing fees**, **court costs**, and **transcription charges** incurred during the prosecution of this matter.
2. **Expert witness and documentation costs** related to record authentication, academic disruption, and procedural review.

- 27 -

Complaint for Violations of Civil Rights (42 U.S.C. § 1983), Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985), and Racketeer Influenced and Corrupt Organizations Act

3. **Reasonable attorney's fees** under **42 U.S.C. § 1988**, should Plaintiff retain legal counsel at any stage during or after federal proceedings.

VII. Further Relief

Such **other and further relief** as the Court deems **just, equitable, and in the public interest**, including:

- Referral of this matter to the **U.S. Department of Justice**, **Office of Civil Rights**, or appropriate federal oversight agency.
- Issuance of a **federal monitor or special master** to audit sealed proceedings, misconduct complaints, and record handling involving pro se litigants in Riverside County.

Respectfully submitted,
DATED: June 4, 2025

Ruben Mejia
In Pro Per

Complaint for Violations of Civil Rights (42 U.S.C. § 1983), Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985), and Racketeer Influenced and Corrupt Organizations Act

**APPENDIX A – CASE LAW INDEX**

This index includes all principal U.S. Supreme Court decisions cited in Plaintiff Ruben Mejia's complaint, organized by doctrinal relevance and legal foundation. Each citation directly supports the underlying claims presented in the corresponding sections of the complaint and establishes precedent for the relief requested.

| Case Name | Citation | Legal Principle & Application |
|---|---|---|
| *H.J. Inc. v. Northwestern Bell Tel. Co.* | 492 U.S. 229 (1989) | Defines "pattern of racketeering activity" under RICO; establishes continuity and enterprise structure. Referenced in: **Enterprise Structure**, **Ongoing Threat**, and **Count I (RICO Conspiracy)**. |
| *Sedima, S.P.R.L. v. Imrex Co.* | 473 U.S. 479 (1985) | Clarifies civil RICO standing and injury requirements. Referenced in: **Count I (RICO Conspiracy)**. |
| *Monroe v. Pape* | 365 U.S. 167 (1961) | Establishes liability for state actors acting under color of law. Referenced in: **Count II (§ 1983)**. |
| *Monell v. Department of Social Services* | 436 U.S. 658 (1978) | Governs municipal liability and official policy standard under § 1983. Referenced in: **Count II (§ 1983)**. |
| *Griffin v. Breckenridge* | 403 U.S. 88 (1971) | Recognizes private conspiracies as actionable under § 1985(3). Referenced in: **Count III (§ 1985 Conspiracy)**. |
| *Kush v. Rutledge* | 460 U.S. 719 (1983) | Clarifies that non-racial conspiracies can be actionable under § 1985(2). Referenced in: **Count III (§ 1985 Conspiracy)**. |
| *Perry v. Sindermann* | 408 U.S. 593 (1972) | Protects public employees from retaliation for exercising First Amendment rights. Referenced in: **Count IV (Retaliation)**. |
| *Hartman v. Moore* | 547 U.S. 250 (2006) | Establishes causation standards for retaliatory prosecution claims. Referenced in: **Count IV (Retaliation)**. |
| *Goldberg v. Kelly* | 397 U.S. 254 (1970) | Requires procedural safeguards before deprivation of government benefits. Referenced in: **Count V (Due Process)** and **Economic Suppression**. |
| *Carey v. Piphus* | 435 U.S. 247 (1978) | Authorizes damages for procedural due process violations even without quantifiable harm. Referenced in: **Count V (Due Process)** and **Relief Section**. |
| *M.L.B. v. S.L.J.* | 519 U.S. 102 (1996) | Bars denial of appellate access due to indigency. Referenced in: **Economic Suppression** and **Relief Section**. |
| *Gideon v. Wainwright* | 372 U.S. 335 (1963) | Affirms right to counsel as essential to due process. Referenced in: **Economic Suppression** and **Count VI (Equal Protection)**. |
| *Ashcroft v. Iqbal* | 556 U.S. 662 (2009) | Establishes pleading standards for plausibility under Rule 8. Referenced **throughout** the complaint including: **DOES 1–50**, and **Preliminary Statements**. |

Complaint for Violations of Civil Rights (42 U.S.C. § 1983), Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985), and Racketeer Influenced and Corrupt Organizations Act

Exhibit List – Chronological and Thematic Index of Evidence

*Exhibit A – Timeline of Events and Federal Case Progression*

**Description:**
Chronological summary of events from 2021 to 2025, tracking the escalation from initial civil rights actions to present-day federal RICO litigation. Includes procedural milestones, retaliation markers, and strategic responses filed across courts.

**Attachments:**

- **A-1:** 2021 Civil Rights Complaint – *Mejia v. Riverside County Sheriff's Dept.* (5:21-cv-02040)
- **A-2:** 2023 Federal Complaint – *Mejia et al v. Amanda Young et al* (5:23-cv-01332)
- **A-3:** 2025 Federal RICO Filing – *Mejia v. Riverside County et al* (5:25-cv-01146)
- **A-4:** Visual Timeline Chart & Strategic Litigation Flow Diagram

*Exhibit B – Federal Civil Rights and RICO Complaints*

**Description:**
Complete federal complaints establishing systemic deprivation, pattern behavior across jurisdictions, and retaliatory conduct substantiating predicate RICO elements.

**Attachments:**

- **B-1:** Full text of Complaint (5:21-cv-02040)
- **B-2:** Full text of Complaint (5:23-cv-01332)
- **B-3:** Filing Receipt, Docket Summary, and Index – Active RICO Case (5:25-cv-01146)

*Exhibit C – State Civil Filings and Procedural Irregularities (CVRI2406817)*

**Description:**
Evidence of state-level misconduct by County Counsel, including suppression of objections, filing manipulation, and use of Safe Harbor notices. Demonstrates coordination between dependency and civil litigation strategies.

**Attachments:**

- **C-1:** January 2025 Minute Orders
- **C-2:** Safe Harbor Sanctions Packet (April 7–8, 2025)
- **C-3:** Opposition to Demurrer with Judicial Admissions (May 2025)
- **C-4:** Emails, Service Proofs, and Process Server Declarations

Complaint for Violations of Civil Rights (42 U.S.C. § 1983), Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985), and Racketeer Influenced and Corrupt Organizations Act

*Exhibit D – Appellate Filings and Judicial Misconduct Documentation (Case No. E083652)*

**Description:**
Filed briefs, judicial misconduct allegations, and exhibits submitted to the California Court of Appeal. Documents cross-court pattern coordination and intentional record manipulation.

**Attachments:**

- **D-1:** Supplemental Appellate Brief (Filed March 2025)
- **D-2:** Proof of Filing and Service Records
- **D-3:** Emails from County Officials (Minh Tran, Justin Janzen)
- **D-4:** Screenshot and Transcript – Ashley Davis Recorded Call
- **D-5:** Letters from Presiding Judge Jacqueline Jackson (Jan–Mar 2025)
- **D-6:** Judicial Notice – Omission of Minute Order Entry (Filed May 7, 2025)

*Exhibit E – Oversight Correspondence from Presiding Judge Jacqueline Jackson*

**Description:**
Official communications from the Presiding Judge following complaints of misconduct and judicial bias. Demonstrates administrative knowledge and failure to intervene in light of evidence.

**Attachments:**

- **E-1:** Letter dated January 22, 2025
- **E-2:** Letter dated March 28, 2025
- **E-3:** May 2025 Submission with Supplemental Evidence Packet

*Exhibit F – County Counsel and CPS Retaliation Evidence*

**Description:**
Comprehensive proof of coordinated retaliation and procedural obstruction, including interdepartmental emails, sealed communications, falsified reports, call logs, and scheduling interference.

**Attachments:**

- **F-1:** Email Chain – Tran, Chu, Janzen Coordination (Feb–Mar 2025)
- **F-2:** Social Worker Correspondence – Citing Unverified Private Actor Allegations
- **F-3:** Retaliatory Visitation Scheduling Documentation
- **F-4:** Plaintiff Statement Submitted to SSA Court (May 15, 2025)
- **F-5:** Screenshots of Harassment, Tampered CPS Reports, and Related Evidence
- **F-6:** Recordings, Text Logs, and Call Logs (Submitted Under Seal)

Complaint for Violations of Civil Rights (42 U.S.C. § 1983), Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985), and Racketeer Influenced and Corrupt Organizations Act

# Exhibit A

1

2

**EXHIBIT A – TIMELINE OF EVENTS**

3    **Ruben Mejia v. County of Riverside, et al.**
     **U.S. District Court – Central District of California**

4

5

| Date | Event |
|------|-------|
| 2021–2022 | Plaintiff files federal civil rights case (5:21-cv-02040) against Riverside County Sheriffs. |
| Early 2023 | Death of mother of Plaintiff's daughters; county agencies initiate questionable investigations. |
| Mid 2023 | Plaintiff begins asserting rights and seeking accountability. |
| Late 2023 | Dependency proceedings begin; Plaintiff denied due process and faces increasing retaliation. |
| Jan–Mar 2024 | Filing of key motions in CVRI2406817 and DPR12300216; judicial bias and obstruction noted. |
| Apr 23, 2025 | Plaintiff files sanctions motions and judicial notice based on Janzen's admissions. |
| Apr 30, 2025 | Hearing in CVRI2406817; minute order shows inconsistency and refusal to address misconduct. |
| May 6, 2025 | Plaintiff appears for dependency hearing; retaliation escalates. |
| May 10, 2025 | Federal civil rights and RICO complaint completed and prepared for filing. |

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                      - 6 -

28    COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS (42 U.S.C. §§ 1983, 1985), CIVIL RICO
      (18 U.S.C. §§ 1962(c), (d)), AND RELATED CLAIMS

**EXHIBIT A – TIMELINE OF EVENTS**

**Ruben Mejia v. County of Riverside, et al.**
**U.S. District Court – Central District of California**

| Date | Event |
|---|---|
| 2021–2022 | Plaintiff files federal civil rights case (5:21-cv-02040) against Riverside County Sheriffs. |
| Early 2023 | Death of mother of Plaintiff's daughters; county agencies initiate questionable investigations. |
| Mid 2023 | Plaintiff begins asserting rights and seeking accountability. |
| Late 2023 | Dependency proceedings begin; Plaintiff denied due process and faces increasing retaliation. |
| Jan–Mar 2024 | Filing of key motions in CVRI2406817 and DPR12300216; judicial bias and obstruction noted. |
| Apr 23, 2025 | Plaintiff files sanctions motions and judicial notice based on Janzen's admissions. |
| Apr 30, 2025 | Hearing in CVRI2406817; minute order shows inconsistency and refusal to address misconduct. |
| May 6, 2025 | Plaintiff appears for dependency hearing; retaliation escalates. |
| May 10, 2025 | Federal civil rights and RICO complaint completed and prepared for filing. |

COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS (42 U.S.C. §§ 1983, 1985), CIVIL RICO (18 U.S.C. §§ 1962(c), (d)), AND RELATED CLAIMS

# Exhibit B

Federal complaint screenshots



PacerMonitor    A Fitch Solutions Service    Features    Plans & Pricing    About    ☑ Start Free Trial    Sign In ➜

**Ruben Mejia v. Riverside County Sheriffs et al**

| | |
|---|---|
| **California Central District Court** | |
| Judge: | Fernando M Olguin |
| Referred: | Sheri Pym |
| Case #: | 5:21-cv-02040 |
| Nature of Suit | 440 Civil Rights - Other Civil Rights |
| Cause | 42:1983 Civil Rights Act |

| | |
|---|---|
| **Case Filed:** | Dec 06, 2021 |
| **Terminated:** | Jan 10, 2022 |

**Docket**    Parties (6)

Docket last updated: 05/09/2025 11:59 PM PDT

**Wednesday, April 17, 2024**

10   📄  attorney   Change of Address   Thu 04/18 4:06 PM
NOTICE of Change of address Changing plaintiffs address to 52279 Maxine Avenue Cabazon, CA 92230. Filed by Plaintiff Ruben Mejia. (es)

**Monday, January 10, 2022**

9   📄  order   Proceed In Forma Pauperis with Declaration in Support (CV-60)   Mon 01/10 4:32 PM
ORDER RE REQUEST TO PROCEED IN FORMA PAUPERIS3 by Judge Fernando M. Olguin. IT IS ORDERED that the Request to Proceed In Forma Pauperis is hereby: DENIED. IT IS FURTHER ORDERED that: This case is hereby DISMISSED immediately. MD JS-6, Case Terminated. (iv)

**Wednesday, December 22, 2021**

8   📄  misc   Declaration   Wed 12/22 5:22 PM
SECOND DECLARATION of Ruben Mejia re Complaint - Related [+]1 filed by Plaintiff Ruben Mejia. (et)

7   📄  motion   Pro Se Electronic Filing - CV-5   Wed 12/22 5:20 PM
APPLICATION for Pro Se Litigant to electronically file documents in a specific case filed by Plaintiff Ruben Mejia. (et)

**Monday, December 13, 2021**

6   📄  motion   Pro Se Electronic Filing - CV-5   Wed 12/15 10:48 AM
APPLICATION for Pro Se Litigant to electronically file documents in a specific case filed by Plaintiff Ruben Mejia. (et)

**Friday, December 10, 2021**

5   📄  misc   Declaration   Wed 12/15 10:47 AM
DECLARATION of Robert Mejia in support of Complaint - Related [+]1 filed by Plaintiff Ruben Mejia. (et)

**Tuesday, December 07, 2021**

4   📄  notice   Notice of Reference to US Magistrate Judge (CV-26) - optional html form   Tue 12/07 6:34 PM
NOTICE OF ASSIGNMENT to District Judge Fernando M. Olguin and referred to Magistrate Judge Sheri Pym. (lh)

**Monday, December 06, 2021**

3   📄  motion   Proceed In Forma Pauperis with Declaration in Support (CV-60)   Tue 12/07 6:32 PM
REQUEST to Proceed In Forma Pauperis with Declaration in Support filed by Plaintiff Ruben Mejia. (lh)

2   📄  notice   Certificate/Notice of Interested Parties   Tue 12/07 6:30 PM
CERTIFICATION AND NOTICE of Interested Parties filed by Plaintiff Ruben Mejia, (lh)

1   📄  cmp   Complaint - (Referred)   Tue 12/07 5:29 PM
COMPLAINT filed against Defendants Kabarra(Riverside County Sheriff Watch Commander, official capacity), Kabarra(Riverside County Sheriff Watch Commander, individual), Officer Badge Number 4121(Riverside County Sheriff SGT Watch Commander, individual), Officer Badge Number 4121(Riverside County Sheriff SGT Watch Commander, official capacity), Perris Police, Riverside County Sheriffs, Stages(Badge No. 5677, individual), Stages(Badge No. 5677, official capacity) Case assigned to Judge Fernando M. Olguin and referred to Magistrate Judge Sheri Pym. Filed by Plaintiff Ruben Mejia. (lh)

Att: 1 📄 Civil Cover Sheet

**Continue to Create Account**

Privacy Policy · Cookie Policy · Terms · About
PacerMonitor, LLC © 2025.

PacerMonitor   A Fitch Solutions Service    Features   Plans & Pricing   About                    ☑ Start Free Trial   Sign In →

### Ruben Mejia v. Riverside County Sheriffs et al

| | | |
|---|---|---|
| **California Central District Court** | | **Case Filed:** Dec 06, 2021 |
| **Judge:** Fernando M Olguin | | **Terminated:** Jan 10, 2022 |
| **Referred:** Sheri Pym | | |
| **Case #:** 5:21-cv-02040 | | |
| **Nature of Suit** 440 Civil Rights - Other Civil Rights | | |
| **Cause** 42:1983 Civil Rights Act | | |

Docket       Parties (6)

Docket last updated: 05/09/2025 11:59 PM PDT

**Wednesday, April 17, 2024**

10    [attorney] [Change of Address] [Thu 04/18 4:06 PM]
NOTICE of Change of address Changing plaintiffs address to 52279 Maxine Avenue Cabazon, CA 92230. Filed by Plaintiff Ruben Mejia. (es)

**Monday, January 10, 2022**

9    [order] [Proceed In Forma Pauperis with Declaration in Support (CV-60)] [Mon 01/10 4:03 PM]
ORDER RE REQUEST TO PROCEED IN FORMA PAUPERIS3 by Judge Fernando M. Olguin. IT IS ORDERED that the Request to Proceed In Forma Pauperis is hereby: DENIED. IT IS FURTHER ORDERED that: This case is hereby DISMISSED immediately. MD JS-6, Case Terminated. (iv)

**Wednesday, December 22, 2021**

8    [misc] [Declaration] [Wed 12/22 5:22 PM]
SECOND DECLARATION of Ruben Mejia re Complaint - Related [+]1 filed by Plaintiff Ruben Mejia. (et)

7    [motion] [Pro Se Electronic Filing - CV-5] [Wed 12/22 5:20 PM]
APPLICATION for Pro Se Litigant to electronically file documents in a specific case filed by Plaintiff Ruben Mejia. (et)

**Monday, December 13, 2021**

6    [motion] [Pro Se Electronic Filing - CV-5] [Wed 12/15 10:48 AM]
APPLICATION for Pro Se Litigant to electronically file documents in a specific case filed by Plaintiff Ruben Mejia. (et)

**Friday, December 10, 2021**

5    [misc] [Declaration] [Wed 12/15 10:47 AM]
DECLARATION of Robert Mejia in support of Complaint - Related [+]1 filed by Plaintiff Ruben Mejia. (et)

**Tuesday, December 07, 2021**

4    [notice] [Notice of Reference to US Magistrate Judge (CV-26) - optional html form] [Tue 12/07 8:34 PM]
NOTICE OF ASSIGNMENT to District Judge Fernando M. Olguin and referred to Magistrate Judge Sheri Pym. (lh)

**Monday, December 06, 2021**

3    [motion] [Proceed In Forma Pauperis with Declaration in Support (CV-60)] [Tue 12/07 8:32 PM]
REQUEST to Proceed In Forma Pauperis with Declaration in Support filed by Plaintiff Ruben Mejia. (lh)

2    [motion] [Certificate/Notice of Interested Parties] [Tue 12/07 8:30 PM]
CERTIFICATION AND NOTICE of Interested Parties filed by Plaintiff Ruben Mejia, (lh)

1    [case] [Complaint - [Referred]] [Tue 12/07 8:29 PM]
COMPLAINT filed against Defendants Kabarra(Riverside County Sheriff Watch Commander, official capacity), Kabarra(Riverside County Sheriff Watch Commander, individual), Officer Badge Number 4121(Riverside County Sheriff SGT Watch Commander, individual), Officer Badge Number 4121(Riverside County Sheriff SGT Watch Commander, official capacity), Perris Police, Riverside County Sheriffs, Stages(Badge No. 5677, individual), Stages(Badge No. 5677, official capacity) Case assigned to Judge Fernando M. Olguin and referred to Magistrate Judge Sheri Pym. Filed by Plaintiff Ruben Mejia. (lh)

Att: 1   Civil Cover Sheet

[ Continue to Create Account ]

# Exhibit C

Judicial Admission County Counsel

(Exempt from Filing Fees
Pursuant to Govt. Code § 6103)

1  MINH C. TRAN, County Counsel (SBN 179932)
   G. ROSS TRINDLE, III, Chief Assistant County Counsel (SBN 228654)
2  JUSTIN J. JANZEN, Deputy County Counsel (SBN 242556)
   OFFICE OF COUNTY COUNSEL, COUNTY OF RIVERSIDE
3  3960 Orange Street, Suite 500
   Riverside, CA 92501-3674
4  Telephone:  (951) 955-6300
   Facsimile:  (951) 955-6363
5  Email: jjanzen@rivco.org

6  Attorneys for Defendant, COUNTY OF RIVERSIDE erroneously sued and served as RIVERSIDE
7  COUNTY

8             SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF RIVERSIDE

10

11  RUBEN MEJIA,                           )   Case No. **CVRI2406817**
                                           )
12              Plaintiff,                 )   *Assigned for All Purposes: Honorable Judge Eric A.*
                                           )   *Keen; Department: 6*
13  v.                                     )
                                           )   **DEFENDANT COUNTY OF RIVERSIDE'S**
14  RIVERSIDE COUNTY et. al                )   **NOTICE OF DEMURRER AND**
                                           )   **DEMURRER TO PLAINTIFF'S**
15              Defendant(s).              )   **COMPLAINT; MEMORANDUM OF**
                                           )   **POINTS AND AUTHORITIES IN SUPPORT**
16                                         )   **THEREOF; DECLARATION OF JUSTIN J.**
                                           )   **JANZEN**
17                                         )
                                           )   Date:  April 30, 2025
18                                         )   Time: 8:30 a.m.
                                           )   Dept:  06
19                                         )
                                           )   Reservation ID: 283381794366
20                                         )
                                           )   Complaint Filed: December 13, 2024
21

22  TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

23          PLEASE TAKE NOTICE that on April 30, 2025 at 8:30 a.m., or as soon thereafter as the matter

24  may be heard, in Department 06 of the above-entitled Court, Defendant COUNTY OF RIVERSIDE

25  erroneously sued and served as RIVERSIDE COUNTY ("Defendant") will demur to plaintiff's complaint.

26          The demurrer will be based on *Code of Civil Procedure* section 430.10, subdivision (c) There is

27  another action pending between the same parties on the same cause of action, (e) plaintiff fails to state a

28

---
1
DEFENDANT COUNTY OF RIVERSIDE'S NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S
COMPLAINT

1    cause of action, and (f) The pleading is uncertain.

2    Specifically:

3    1. This entire action is invalid as there is another action pending between the same parties on the

4    same cause of action. (See *Code Civ. Proc.*, § 430.10, subd. (c).)

5    2.This entire action is invalid as all plaintiff has failed to allege facts demonstrating compliance with

6    the Government Tort Claims Act. (See *Code Civ. Proc.*, § 430.10, subd. (e).)

7    3. The Complaint is Uncertain as to what Causes of Action are being Plead and what Relief is

8    Sought. (See *Code Civ. Proc.*, § 430.10, subd. (f).)

9    4. The entire complaint fails to state facts sufficient to constitute a cause of action within the meaning

10    of *Code of Civil Procedure* section 430.10, subdivision (e), and is not pled with sufficient specificity

11    pursuant to the Government Claims Act. (*Gov. Code,* § 810 et seq.) and

12    5. Plaintiff's claims are barred by statutory immunities.

13    This motion is based on this Notice, the Memorandum of Points and Authorities filed herewith,

14    exhibits attached hereto, the records and pleadings on file herein, and on such other evidence as may be

15    presented.

16    Also per the Court: Tentative Rulings for each law & motion matter will be posted on the Internet

17    by 3:00 p.m. on the court day immediately before the hearing. Any party that intends to present oral

18    argument at the hearing is required to notify the court and all opposing parties by 4:30 p.m. on the court

19    day prior to the hearing of the party's intention to appear.

20    To request oral argument, not later than 4:30 p.m. on the court day before the hearing you must (1)

21    call the judicial secretary at 760.904.5722 and (2) inform all other parties. If no request for oral argument

22    is made by 4:30 p.m., the tentative ruling will become the final ruling on the matter effective the date of the

23    hearing. Unless otherwise noted, the prevailing party is to give notice of the ruling.

24    MINH C. TRAN
County Counsel

25

26    Dated: April 9, 2025    By: *Justin J. Janzen*
JUSTIN J. JANZEN,
Deputy County Counsel
Attorneys for Defendant,
COUNTY OF RIVERSIDE

27

28

2

DEFENDANT COUNTY OF RIVERSIDE'S NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S
COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiff filed a complaint on December 13, 2024, against County of Riverside. The caption notes causes of action for 1. Violation of Civil Rights under 42 UCS §1983; 2. Malicious prosecution; 3. False Arrest; 4. Excessive Force; 5. Intentional Infliction of Emotional Distress; 6. Negligence; and 7. Defamation.

Plaintiff's complaint is deficient because it is duplicative of another pending action, it fails to allege compliance with the tort claim act, is uncertain, it fails to identify any statutory basis for suit or sufficient facts to support a claim, and County is statutorily immune from this claim.

Defendant was unable to comply with the required meet and confer requirements for a demurrer due to the late notice of the complaint to counsel. Further, plaintiff has refused to meet and confer when attempts have been made in the two prior, pending cases. (Dec. of Justin Janzen ¶(3-4).

A motion to strike is filed concurrently with this demurrer.

Defendant would also note that this case may involve a dependency action and Welfare and Institutions Code §827 may limit the information that can be accessed or disclosed.

## II.

## A DEMURRER IS PROPER

*Code of Civil Procedure* section 430.10 states "The party against whom a complaint or cross-complaint has been filed may object, by demurrer or answer as provided in Section 430.30 to the pleading on any one or more of the following grounds:

(c) There is another action pending between the same parties on the same cause of action.

(e) The pleading does not state facts sufficient to constitute a cause of action.

(f) The pleading is uncertain. As used in this subdivision, "uncertain" includes ambiguous and unintelligible.

---

3

DEFENDANT COUNTY OF RIVERSIDE'S NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S
COMPLAINT

## III.

### PLAINTIFF'S ENTIRE ACTION IS IMPROPER AS THERE ARE TWO OTHER ACTIONS PENDING BETWEEN THE SAME PARTIES ON THE SAME GENERAL ISSUES

Under CCP §430.10 a party may demur when (c) "There is another action pending between the same parties on the same cause of action." Plaintiff has two other actions pending against County of Riverside, CVRI2306762 and CVRI2500547, that are similar in nature, though an exact comparison is difficult due to the vagueness of the allegations. Copies of complaints from the two pending actions are attached and include claims of 1. Code of Civil Procedure 820.21; 2. Civil Right Violations; 3. Malicious Persecution (sic); 4. Perjury; 5. Gross Negligence; 6. Abuse of Power; and 7. Intentional Infliction of Emotional Distress; (CVRI2306762) and 1. Suborninating (sic) perjury; 2. Malicious prosecution; 3. defamation; 4. Intentional infliction of emotional distress; 5. Conspiracy to deprive constitutional rights under color of law; and 6. Deprivation of constitutional rights under color of law. (CVRI2500547).

As this matter appears duplicative of the other pending actions, it should be dismissed.

## IV.

### PLAINTIFF HAS FAILED TO ALLEGE FACTS FOR ANY CAUSES OF ACTION AS HE HAS FAILED TO PLEAD FACTS TO DEMONSTRATE COMPLIANCE WITH THE GOVERNMENT TORT CLAIMS ACT

Under the claims presentation requirements of the California Government Claims Act "the filing of a claim for damages 'is more than a procedural requirement, it is a condition precedent to plaintiff's maintaining an action against defendant, in short, an integral part of plaintiff's cause of action.' " *State of California v. Superior Court* (2004) 32 Cal. 4th 1234, 1240, internal citations omitted. A "plaintiff must timely file a claim for money or damages with the public entity. The failure to do so bars the plaintiff from bringing suit against that entity." *Id.* at 1237. The Court concluded that "the failure to allege facts demonstrating or excusing compliance with the claim presentation requirements subjects a claim against a public entity to a demurrer for failure to state a cause of action." *Id.* at 1239.

Defendant, County of Riverside is by definition a *public entity* and/or a *local public entity* pursuant to *Gov. Code* §§ 811.2 and 900.4, respectively. As such, Defendant is within the protections of the tort

DEFENDANT COUNTY OF RIVERSIDE'S NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S COMPLAINT

claim act and plaintiff must allege facts to demonstrate compliance with the act.

Plaintiff's complaint does not include any statement or exhibit of compliance with the *Government Code* Sections 911.2 and 910. It also does not plead any exceptions for noncompliance. Accordingly, the Complaint should be dismissed on this basis alone.

### V.

### PLAINTIFF'S COMPLAINT IS UNCERTAIN AS TO WHAT CAUSES OF ACTION ARE BEING PLEAD AND WHAT RELIEF IS SOUGHT

Uncertainty is a well-established ground of demurrer. *Martin v. Bank of San Jose* (1929) 98 Cal.App. 390, 399. "The objection of uncertainty does not go to failure to allege sufficient facts but to doubt as to what the pleader means by the facts alleged." *Brea v. McGlashan* (1934) 3 Cal.App.2d 454,459.

The complaint caption has claims of 1. Violation of Civil Rights under 42 UCS §1983; 2. Malicious prosecution; 3. False Arrest; 4. Excessive Force; 5. Intentional Infliction of Emotional Distress; 6. Negligence; and 7. Defamation. However, the body of the complaint does not state any causes of action other than given the same list without any delineation and fails to state what allegations are made for each, if any.

Likewise in the prayer, there are no grounds for the remedies requested or details for the remedies sought such as declaratory relief or injunctive relief.

### VI.

### THE ENTIRE COMPLAINT FAILS TO STATE FACTS SUFFICIENT TO SUPPORT A CAUSE OF ACTION AND IS NOT PLEAD WITH SPECIFICITY

The California Government Claims Act, found in *Government Code* sections 810–996.6, provides that public entities, such as County of Riverside, are "not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person," except as otherwise provided by statute. *Gov. Code*, § 815, subd. (a). The intent of this provision is to "confine potential

1  government liability to rigidly delineated circumstances." *Williams v. Horvath* (1976) 16 Cal.3d 834, 838.

2  In other words, County is not liable for any tort unless a statute creates such liability. *Id.*

3      Under the California Tort Claims Act "'a public entity is not liable for injury arising from an act or

4  omission *except as provided by statute.*'" *Hoff v. Vacaville Unified Sch. Dist.* (1998) 19 Cal.4th 925, 932

5  (quoting *Creason v. Department of Health Services* (1998) 18 Cal.4th 623, 630–31 (emphasis added); see

6  also Gov't Code § 815, subd. (a).  Thus, in California, "'all government tort liability must be based on

7  statute.'" *Hoff, supra,* 19 Cal.4th at 932 (quoting *Lopez v. Southern Cal. Rapid Transit Dist.* (1985) 40

8  Cal.3d 780, 785, fn. 2); see also *McCarty v Dept. of Transp.* (2008) 164 Cal. App. 4th 955, 977 ("[A] public

9  entity cannot be held liable for common law negligence.").  "[G]overnmental immunity from suit is the rule

10  and liability the exception." *Trinkle v. California State Lottery,* (1999) 71 Cal.App.4th 1198, 1202.  "In the

11  absence of a constitutional requirement, public entities may be held liable only if a statute . . . is found

12  declaring them to be liable." *Hoff, supra,* 19 Cal.4th at 932 (quoting *County of Sacramento v. Superior*

13  *Court* (1972) 8 Cal.3d 479, 481) (internal citations omitted); see also Gov't Code § 815.

14      The limited and statutory nature of governmental liability mandates that claims against public

15  entities must be specifically pleaded. *Brenner v. City of El Cajon* (2003) 113 Cal.App.4th 434, 439.  In

16  order to withstand attack by demurrer, "every fact essential to the existence of statutory liability must be

17  pleaded with particularity, including the existence of a statutory duty" and that statute or enactment claimed

18  to establish the duty must be identified. *Searcy v. Hemet Unified School District* (1986) 177 Cal.App.3d

19  792, 802. Because the existence of a statute imposing liability is part of the plaintiff's prima facie case, the

20  statute must be cited in the complaint.  See *Foster v. County of San Luis Obispo,* (1993) 14 Cal. App. 4th

21  668, 672; and *Becerra v. County of Santa Cruz,* (1998) 68 Cal. App. 4th 1450, 1458.

22      The complaint mentions the first, fourth, and fourteenth amendments; however, none of these allow

23  for claims in a civil lawsuit. Instead, litigants complaining of violation of constitutional right must utilize

24  federal civil rights statutes. *Azul-Pacifico, Inc. v. City of Log Angeles* (1992 – 9th Cir) 973 F.2d 704, 705.

25      The Complaint cites only to 42 U.S.C. §1983 as a cause of action, but fails to provide any facts to

26  support it. No details such as names, dates, specific constitutional rights, nor how they were violated are

27  given.

28

DEFENDANT COUNTY OF RIVERSIDE'S NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S
COMPLAINT

1    The limited and statutory nature of governmental liability mandates that claims against public

2   entities must be specifically pleaded. *Brenner v. City of El Cajon* (2003) 113 Cal.App.4th 434, 439. In

3   order to withstand attack by demurrer, "every fact essential to the existence of statutory liability must be

4   pleaded with particularity, including the existence of a statutory duty" and that statute or enactment claimed

5   to establish the duty must be identified. *Searcy v. Hemet Unified School District* (1986) 177 Cal.App.3d

6   792, 802.

7    No facts are alleged to support a claim under 42. U.S.C. §1983. Municipal governments sued under

8   § 1983 can only be held liable for "their own illegal acts." *Connick v. Thompson* (2011) 563 U.S. 51, 60

9   [quoting *Pembaur v. Cincinnati* (1986) 475 U.S. 469, 479].) "They are not vicariously liable under § 1983

10  for their employees' actions." *Id.*

11    To prevail in a § 1983 claim against a municipal government, plaintiffs must show "(1) that [they]

12  possessed a constitutional right of which [they were] deprived; (2) that the municipality had a policy; (3)

13  that this policy amounts to deliberate indifference to the [plaintiffs'] constitutional right; and (4) that the

14  policy is the moving force behind the constitutional violation." *Dougherty v. City of Covina* (2011) 654

15  F.3d 892, 900 [quoting *Plumeau v. Sch. Dist. No. 40 Cty. of Yamhill* (1997) 130 F.3d 432, 438].

16    The complaint fails to allege any actions by anyone that would support a claim for violation of

17  plaintiff's rights, much less the additional requirements under *Dougherty*. The claims for excessive force

18  and false arrest are type of claims under §1983 and suffer from the same lack of detail or basis for the claim.

19    As to the general tort claims that are mentioned in the caption, a claim of malicious prosecution,

20  requires that there was a prior proceeding that ended in the plaintiff's favor and that the defendant did not

21  reasonably believe that there were any grounds (probable cause) to initiate the proceeding. (See *Sheldon

22  Appel Co. v. Albert & Oliker* (1989) 47 Cal.3d 863, 881). The complaint has not alleged any of these

23  elements nor cited to a statute.

24    Generally, "defamation is an invasion of the interest in reputation. The tort involves the intentional

25  publication of a statement of fact that is false, unprivileged, and has a natural tendency to injure or which

26  causes special damage." *Smith v. Maldonado* (1999) 72 Cal.App.4th 637, 645. Further, California Civil

27  Code § 47(b)(4) states:  A privileged publication or broadcast is one made . . . (4) in the initiation or course

28

DEFENDANT COUNTY OF RIVERSIDE'S NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S
COMPLAINT

1    of any other proceeding authorized by law and reviewable pursuant to Chapter 2 (commencing with Section

2    1084) of Title 1 of Part 3 of the Code of Civil Procedure . . . ."  The complaint fails to cite to any statutes

3    that would allow a claim against County and fails to allege any facts to support a claim for defamation,

4    including who made what statements to whom, when they were made, that the statements were false, or

5    that the speaker was negligent or made the statements with actual malice. Further, any such statements

6    would be privileged as discussed below.

7        "A cause of action for intentional infliction of emotional distress exists when there is '(1) extreme

8    and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the

9    probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress;

10   and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.' A

11   defendant's conduct is 'outrageous' when it is so 'extreme as to exceed all bounds of that usually tolerated

12   in a civilized community.' And the defendant's conduct must be 'intended to inflict injury or engaged in

13   with the realization that injury will result.'" *Hughes v. Pair* (2009) 46 Cal.4th 1035, 1050–1051. However,

14   there are no statutes cited to support this claim against a public entity and facts to support the claim are not

15   alleged with specificity.

16       Plaintiff's requests for declaratory relief/injunctive relief also have no basis. In *Department of Fair*

17   *Employment and Housing v. Superior Court of Kern County* (2020) 54 Cal App. 5th 356, 384-385, the Court

18   discussed preliminary injunctions:

19       In the usual context, a preliminary injunction is a provisional remedy meant to prevent harm or
         preserve the status quo pending a trial on the merits. (Continental Baking Co. v. Katz (1968) 68
20       Cal.2d 512, 528, 67 Cal.Rptr. 761, 439 P.2d 889.) Typically, it is not, in itself, a cause of action
         (MaJor v. Miraverde Homeowners Assn. (1992) 7 Cal.App.4th 618, 623, 9 Cal.Rptr.2d 237); thus,
21       ordinarily, a preliminary injunction may be sought only when the underlying cause of action on
         which the provisional remedy rests is presented for decision through the pleadings (Moreno Mut.
22       Irr. Co. v. Beaumont Irr. Dist. (1949) 94 Cal.App.2d 766, 778, 211 P.2d 928 ["A preliminary
         injunction is warranted only if there is on file a complaint which states a sufficient cause of action
23       for injunctive relief of the character embraced in the preliminary injunction."]; see generally
         Moore & Thomas, Cal. Civ. Practice (2020) Procedure, § 16:119.
24

25

26       Where, as here, the plaintiff has no cause of action, a demurrer to declaratory or injunctive relief is

27   proper.  *Western Homes, Inc. v. Herber Ketell, Inc.* (1965) 236 Cal.App.2d 142, 146.

28

DEFENDANT COUNTY OF RIVERSIDE'S NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S COMPLAINT

1    Moreover, Plaintiff bears the burden of showing the absence of an adequate remedy at law. *C.J.L.*

2    *Construction Inc. v. Universal Plumbing* (1993) 18 Cal.App.4th 376, 390 [declaratory relief]; *Thayer*

3    *Plymouth Center Inc. v. Chrysler Motors* (1967) 255 Cal.App.2d 300, 303 [injunctive relief]; Code of Civil

4    Procedure § 526).

5    Plaintiff's complaint fails to allege any statutory basis for a claim against County, other than a brief

6    mention of 42 U.S.C §1983 with no facts to support it.

7    Citation to a statute which allows for a claim against a public entity is a necessary first step for any

8    claim against County. Plaintiff then has a duty to plead facts to support each element of the claim and has

9    not done so. Plaintiff has not met the basic pleading requirements nor plead his claim with specificity.

10                                            **VII.**

11                          **COUNTY IS STATUTORILY IMMUNE**

12    *Civil Code* section 47(b) provides that a statement made "[i]n any (1) legislative proceeding, (2)

13    judicial proceeding, (3) in any other official proceeding authorized by law, or (4) in the initiation or course

14    of any other proceeding authorized by law and reviewable [by writ of mandamus]" is generally privileged.

15    The litigation privilege of § 47(b) "applies to any communication "made in judicial or quasijudicial

16    proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the

17    litigation; and (4) that [has] some connection or logical relations to the action." *Action Apartment Ass'n,*

18    *Inc. v. City of Santa Monica* (2007) 41 Cal.4th 1232, 1241. "Although originally enacted with reference to

19    defamation [Citation], the privilege is now held applicable to any communication, whether or not it amounts

20    to a publication [Citations], and all torts except malicious prosecution. Further, it applies to any publication

21    required or permitted by law in the course of a judicial proceeding to achieve the objects of the litigation,

22    even though the publication is made outside the courtroom and no function of the court or its officers is

23    involved." This would in particular apply to any claims of defamation regarding statements made in the

24    course of the investigations and proceedings alleged but would apply generally to all of plaintiff's claims.

25    *Gov. Code* §820.2. states that "Except as otherwise provided by statute, a public employee is not

26    liable for an injury resulting from his act or omission where the act or omission was the result of the exercise

27    of the discretion vested in him, whether or not such discretion be abused." Discretionary immunity applies

28

to shield a California public employee, and thereby his or her employer, see *Gov. Code* § 815.2 (b), from liability for state law violations when an injury results "from [the employee's] act or omission where the act or omission was the result of the exercise of the discretion vested in [the employee], whether or not such discretion be abused." *Gov. Code* § 820.2.

Under federal law, the claims are barred by the Noerr-Pennington Doctrine. "The essence of the Noerr-Pennington doctrine is that those who petition any department of the government for redress are immune from statutory liability for their petitioning conduct." *Theme Promotions, Inc. v. News America Marketing FSI* (9th Cir. 2008) 546 F.3d 991, 1006-1007. The doctrine was extended by the Court to include common-law torts and can apply concurrently with state privileges that advance a similar goal. Id. at 1007. "[T]o say that one does not have Noerr-Pennington immunity is to conclude that one's petitioning activity is unprotected by the First Amendment." *White v. Lee* (9th Cir. 2000) 227 F.3d 1214, 1231. "The First Amendment petition right belongs to the defendants in the original case, though their employees, law firms and lawyers, as their agents in that litigation, get to benefit as well." *Freeman v. Lasky, Haas & Cohler* (9th Cir. 2005) 410 F.3d 1180, 1186.

Noerr-Pennington immunity extends both to the filing and prosecution of a lawsuit, and to conduct that is incidental to prosecution of the suit. *Sosa v. DIRECTV, Inc.* (9th Cir. 2006) 437 F.3d 923, 933-936 [protected activity includes "assorted documents and pleadings, in which [litigants] make representations and present arguments to support their request that the court do or not do something," as well as communications between private parties "so long as they are sufficiently related to petitioning activity"].

These immunities apply to County under Gov. Code §815.2 (b) which states that: "Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability."

The claims in the complaint are unclear, but appear to be based on police investigations in connection with family law or child dependency actions and thus fall within the above privileges. It is unclear if plaintiff is alleging that County is vicariously liable for unnamed employees' actions; if this is the claim, then County is immune under *Gov. Code* §820.2 above and *Gov. Code* §815.2 (b) "Except as

otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability."

Further, "Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Reichle v. Howards* (2012) 132 S. Ct. 2088, 2093. To be clearly established, the "contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton* (1987) 483 U.S. 635, 640.  In other words, "existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd* (2009) 131 S. Ct. 2074, 2083. Plaintiff presents no claimed violation, much less one beyond debate.

## VIII.

## CONCLUSION

Based on the foregoing, Defendant respectfully requests that the demurrer be sustained in its entirety and plaintiff's case dismissed.

MINH C. TRAN
County Counsel

Dated: <u>April 9 2025</u>                   By: _____
                                        JUSTIN J. JANZEN,
                                        Deputy County Counsel
                                        Attorneys for Defendant,
                                        COUNTY OF RIVERSIDE

DEFENDANT COUNTY OF RIVERSIDE'S NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S
COMPLAINT

**DECLARATION OF JUSTIN J. JANZEN**

I, Justin J. Janzen, declare:

1.      I am an attorney at law licensed to practice before all courts of the State of California and am a Deputy County Counsel with County Counsel – County of Riverside, attorneys of record for Defendant County of Riverside in the above-entitled matter. The following facts are within my knowledge, except those stated on information and belief, and if called as a witness, I could and would competently testify to the matters stated herein.

2.      Attached hereto as Exhibit "A" and incorporated herein by this reference is a true and correct copy of a service copy of Plaintiff's complaint, sans exhibits, filed on December 13, 2024.

3.      I am informed that the County Board of Supervisors was served with the lawsuit on December 27, 2024. My office received notice of the lawsuit and was provided a copy of the complaint on March 20, 2025, after the deadline for a responsive pleading. As such, there was no time for a meet and confer with plaintiff, and it is unclear to counsel if a 30 day declaration to extend the deadline would be applicable.

4.      Further, in response to prior attempts to meet and confer with plaintiff on the two prior, pending cases, plaintiff claimed that my attempts to contact him while representing County and being a named defendant were attempts at coercion and witness tampering. He has stated on multiple occasions that further contact would be viewed as harassment.

5.      In order to avoid a potential default, the demurrer and motion to strike were filed as soon as possible.

6.      Attached hereto as Exhibit "B" and incorporated herein by this reference is a true and correct copy of a service copy of Plaintiff's first amended complaint in matter CVRI2306762, sans exhibits, filed on August 13, 2024.

1    7.    Attached hereto as Exhibit "C" and incorporated herein by this reference is a true and correct

2 copy of a service copy of Plaintiff's complaint in matter CVRI2306762, sans exhibits, filed on February

3 10, 2025.

4    I declare under penalty of perjury under the laws of the State of California that the foregoing is true

5 and correct.

6    Executed this 9th day of April, 2025, at Riverside, California.

7

8    Justin J. Janzen, declarant

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT COUNTY OF RIVERSIDE'S NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S COMPLAINT

# Exhibit D

All filings to California Court of appeal

 Gmail

Ruben Mejia <mejia.grunt1@gmail.com>

---

## Service of Oversized Filing – Appellate Case No.E083652
4 messages

---

**Ruben Mejia** <mejia.grunt1@gmail.com>    Thu, Mar 27, 2025 at 1:21 AM
To: Brad Zurcher <bzurcher@lc-lawyers.com>, Ryan Cox <rcox@dsmllp.com>, Tim Harris <THarris@crwllp.com>, tschafer@dsmllp.com, dcantrell@lc-lawyers.com, Edith Guzman <eguzman@dsmllp.com>, Marcella Buchheit <mbuchheit@lc-lawyers.com>
Cc: Ruben Mejia <rmejia4084@sdsu.edu>


**Dear Counsel(s),**

Please be advised that I am serving you with a copy of the document titled:

> **SUPPLEMENTAL BRIEF IN SUPPORT OF APPELLANT'S CLAIM OF LEGAL MALPRACTICE AND REQUEST FOR REMAND**

This document is being submitted in **Appellate Case No. [E083652]**, currently pending before the California Court of Appeal, Fourth District, Division Two.

Due to the file exceeding the court's 25MB limit, I will be filing it in physical form at the clerk's office. This email constitutes **service of the full document** pursuant to California Rules of Court 8.25(c).

**Attached:**

- PDF of the filing (Exhibits A–H, Declaration, etc.)

- Proof of service (signed and dated)

Please confirm receipt of this email for my records.

Respectfully,

Ruben Mejia

---

  Part 1 sup brief .pdf

  part 2 of brief .pdf

---

 **POS SUP.pdf**
1812K

---

**Edith Ramirez** <eramirez@dsmllp.com>    Thu, Mar 27, 2025 at 9:00 AM
To: Ruben Mejia <mejia.grunt1@gmail.com>
Cc: Nancy Serrato <nserrato@dsmllp.com>

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION II

| | |
|---|---|
| Ruben Mejia<br>Plaintiff & Appellant<br><br>Vs.<br><br>Johanna Mares et. al.<br>(Defendant &Respondents) | ) App Case No. E083652<br>) Sup.Ct. Case No. (CVRI2305277))<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Appeal from a Judgement of the Superior Court of California, County of Riverside

Honorable Carol A. Greene, Judge

-------------------------------------------------------------------

SUPPLEMENTAL BRIEF IN SUPPORT OF APPELLANT'S CLAIM OF LEGAL
MALPRACTICE AND REQUEST FOR REMAND

-------------------------------------------------------------------

Ruben Mejia

P.O. Box 144 Cabazon CA 92230

(951) 306-5441

Mejia.grunt1@gmil.com

In Pro Per

SUPPLEMENTAL BRIEF

SUPPLEMENTAL BRIEF IN SUPPORT OF APPELLANT'S CLAIM OF LEGAL
MALPRACTICE AND REQUEST FOR REMAND

Court of Appeal – Fourth Appellate District, Division Two

Case No.: E083652

Appellant: Ruben Mejia

Respondent: Johanna Mares (Public Defender)

Date Filed: March 26, 2025

INTRODUCTION

Appellant submits this supplemental brief in support of his appeal, based on newly
discovered material evidence of collusion, misconduct, and systemic failure involving
County Counsel, social workers, and key officials connected to his dependency and civil
litigation. This evidence directly supports the claim that Respondent Johanna Mares, while
serving as his public defender, failed to provide competent representation, resulting in
severe constitutional injury.

SUMMARY OF ARGUMENT

This brief provides documented evidence of coordinated collusion between Riverside
County officials — specifically County Counsel Warren Chu, Justin Janzen, and Executive
Assistant Ashley Davis — to manipulate the dependency case against Appellant. These
actions were taken under the color of law and directly impacted Appellant's parental rights,
visitation, and legal standing.

Despite numerous red flags and ongoing litigation, Respondent failed to object, protect, or
advocate for Appellant, constituting legal malpractice and a breach of duty.

TIMELINE OF EVENTS

2023

- Dependency Case Filed: DPRI2300216 initiated.

- Public Defender Assigned: Johanna Mares appointed to represent Appellant.

- Failure to Defend: Respondent failed to contest falsified reports, ignored lack of
therapeutic visitation, and neglected to object to due process violations.

2024

- Evidence of Misconduct Ignored: Mares did not act upon documented inconsistencies and violations in court filings.

- Appellant Begins Pro Se Litigation: Due to inaction, Appellant files multiple motions and discovers County misconduct independently.

January 2025

- Email from Minh Tran Surfaces: County Counsel Minh Tran congratulates Justin Janzen for manipulating Appellant's case.

February 2025

- Ex Parte Application Filed: Appellant files an ex parte with attached proof of misconduct.

- Federal Removal Filed: Appellant removes dependency case to federal court, citing constitutional violations.

March 2025

- Supplemental Brief Filed in Federal Court: Includes emails and documentation showing misconduct continued post-removal.

- Declaration with Exhibits A–H Prepared: Includes recorded transcript of Ashley Davis and documentation of misconduct.

- California Bar Confirms Private Counsel Misconduct: Appellant's privately retained counsel was referred for disciplinary action and diversion into a corrective program.

ARGUMENT

I. New Evidence of Collusion Supports Malpractice Claim

The conduct by County Counsel, as evidenced by multiple emails and statements, demonstrates coordinated interference with Appellant's case. The fact that these individuals attempted to adopt Appellant's children while simultaneously litigating against him is a blatant conflict of interest. Respondent Mares failed to act against any of this misconduct.

II. Respondent Breached Fiduciary Duty and Standard of Care

Respondent ignored: multiple reports lacking factual basis, unlawful visitation attempts, and County actors interfering in proceedings during active federal litigation. This amounts to gross negligence and a breach of loyalty and duty of competence.

III. Newly Discovered Evidence Warrants Remand or Reversal

This evidence was not available at the time of the original malpractice filing. It materially alters the facts supporting Appellant's claim. Given the scope and scale of misconduct,

Appellant respectfully requests this Court reverse the dismissal and remand for evidentiary hearing.

## IV. Pattern of Legal Malpractice Confirmed by California State Bar

After Respondent Johanna Mares ceased representation, Appellant retained a private attorney who also failed to act in his best interest. In early 2025, the California State Bar found this private attorney committed wrongful conduct and referred them for disciplinary action and diversion into a corrective program. This confirms a broader pattern in which both court-appointed and retained counsel were either influenced by or deferential to the County Counsel's Office. The systemic legal failure began with Mares and led to the denial of Appellant's constitutional rights.

## CONCLUSION

The conduct by County officials and the inaction of Respondent Johanna Mares resulted in irreparable harm, including:

- Deprivation of parental rights
- Psychological duress
- Denial of a fair hearing and competent legal representation

Appellant respectfully requests:

1. Leave to submit this supplemental evidence formally.
2. That the court grant the appeal and remand the matter for evidentiary hearing.
3. That Appellant be allowed to pursue full accountability for constitutional violations that occurred under Respondent's watch.

Respectfully submitted,

Ruben Mejia

Appellant, Pro Per

## EXHIBIT LIST

Exhibit A: Letter from Minh Tran, followed by a letter from Justin Janzen.

Exhibit B: Screenshot of conversation with Ashley Davis acknowledging they knew the case was removed to federal court.

Exhibit C: Emails and jurisdictional notices, including Minh Tran's statement: 'Good job, Justin. Way to turn things around.'

---

SUPPLEMENTAL BRIEF

1  Exhibit D: California State Bar referral letter confirming misconduct by former private
2  counsel.
3  Exhibit E: Recent emails showing real-time collusion between County Counsel and other
   departments.
4  Exhibit F: Screenshots of the visitation setup and manipulation.
5  Exhibit G: Emails showing County actors attempting to set up unauthorized visitations.
6  Exhibit H: Letter from the presiding judge confirming prior knowledge of misconduct.
7
8
9
10
11                                           Ruben Mejia
12                                           In Pro Per
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SUPPLEMENTAL BRIEF

# Exhibit

# A



**OFFICE OF COUNTY COUNSEL
COUNTY OF RIVERSIDE**

3960 ORANGE STREET, SUITE 500
RIVERSIDE, CA 92501-3674
TELEPHONE: 951/955-6300
FAX: 951/955-6322 & 951/955-6363

March 17, 2025

<u>**Via U.S. Mail & E-mail:**</u>

Ruben Mejia
P.O. Box 144
Cabazon, CA 92230
E: Mejia.grunt1@gmail.com

Re:    <u>***Ruben Mejia v. County of Riverside, et al.***</u>
        Case No: CVRI2500547

Dear Mr. Mejia:

My office represents the County of Riverside ("County") and is currently serving as counsel for the Mr. Janzen in the defense of the matter of *Mejia v. County of Riverside, et. al.* If you have obtained an attorney, please forward this letter to them so we can speak with them directly.

We are in receipt of your complaint and write to meet and confer as required by Code of Civil Procedure sections 430.41 and 435.5 on behalf of Mr. Janzen.

As to Mr. Janzen, your complaint fails to provide any basis for suit against him whether in official or individual capacities, fails to allege compliance with the tort claim act, is uncertain, fails to identify any statutory basis for suit or sufficient facts to support a claim, they are statutorily immune from this claim, and there is no basis for punitive damages, attorneys fees, or injunctive relief. As such, we respectfully request that you immediately dismiss this lawsuit against Mr. Janzen.

Please note that California Code of Civil Procedure sections 1038, 128.5, and 128.7 provide for sanctions, including attorney's fees and costs for maintaining an action against a public entity in bad faith and without reasonable justification:

> <u>Code of Civil Procedure section 1038</u> involves proceedings under the Tort Claims Act. The statute allows for governmental entities to recover their defense costs when prevailing on a motion for summary judgment, motion for directed verdict, non-suit, etc., where the Court determines that the action was not brought with reasonable cause and in good faith that there was a justifiable controversy under the facts and law which warranted the filing of the complaint. Defense costs are defined in subsection (b) as: "reasonable attorney's fees, expert witness fees, expense of services of experts, advisors, and consultants..." In *Carroll v. State of California* (1990) 217 Cal. App. 3d 134, the court awarded costs and attorney's fees under Section 1038 following plaintiff's refusal to dismiss the County of Riverside after it had repeatedly notified plaintiff's attorney of its lack of jurisdiction and control over the property in question.

Re: *Ruben Mejia v. County of Riverside*
Case No: CVRI2500547
March 17, 2025
Page 2

Code of Civil Procedure 128.5 permits a court to order a party, the party's attorney or both to pay any reasonable expense, including attorney's fees as a result of bad-faith or frivolous actions.

Code of Civil Procedure 128.7 states that where the plaintiff's operative complaint was not brought in good faith and with reasonable cause and is frivolous in nature, the court may impose sanctions upon the attorneys, law firms, or parties.

As demonstrated herein, your case cannot be maintained against Mr. Janzen. Further pursuit of this litigation against the County is likely to result in the imposition of costs, attorney's fees, and/or expert fees, which we will be forced to seek on behalf of our clients.

In the event you are not willing to dismiss at this time, we would also meet and confer as required by Code of Civil Procedure sections 430.41 and 435.5.

## DEMURRER

**The Complaint Fails to Provide any Support of Claims Against Mr. Janzen in Either Their Individual or Official Capacities and is Duplicative in Regards to Claims of Official Capacity**

As discussed further below, there is no basis alleged for any claim against Mr. Janzen. No statutes or facts are alleged against either, and no basis is given for a claim in official or individual capacities. It does not delineate between the two capacities nor state how each of the claims or facts apply to each. Further, as a claim made in official capacity is a claim against County of Riverside, those claims are duplicative and improper. (See *Monell v. NYC Dept. Of Social Services* (1978) 658; *Lewis v. Clark*, (2017) 581 U.S. 155).

**The Complaint Fails to Allege Compliance with the Tort Claim Act**

Under the claims presentation requirements of the California Government Claims Act "the filing of a claim for damages 'is more than a procedural requirement, it is a condition precedent to plaintiff's maintaining an action against defendant, in short, an integral part of plaintiff's cause of action.'" *State of California v. Superior Court* (2004) 32 Cal. 4th 1234, 1240, internal citations omitted. A "plaintiff must timely file a claim for money or damages with the public entity. The failure to do so bars the plaintiff from bringing suit against that entity." *Id.* at 1237. The Court concluded that "the failure to allege facts demonstrating or excusing compliance with the claim presentation requirements subjects a claim against a public entity to a demurrer for failure to state a cause of action." *Id.* at 1239.

Re: *Ruben Mejia v. County of Riverside*
Case No: CVRI2500547
March 17, 2025
Page 3

All claims for money or damages against 1) a public entity or 2) <u>a public employee acting within the course and scope of his or her employment</u> must satisfy the presentation requirements of the Government Claims Act. (*Gov. Code* §§ 905 and 950.2, emphasis added).

The complaint fails to allege compliance with the tort claim requirements. Without such a claim, the lawsuit against defendants cannot proceed.

**The Complaint is Uncertain as to what Causes of Action are being Plead and what Relief is Sought**

The complaint caption notes causes of action for: 1. Suborninating (sic) perjury; 2. Malicious prosecution; 3. defamation; 4. Intentional infliction of emotional distress; 5. Conspiracy to deprive constitutional rights under color of law; and 6. Deprivation of constitutional rights under color of law.

The complaint fails to delineate among these claims and instead has a single section of faction allegations which fail to support any of these claims. In the prayer, it has remedies of compensatory damages, punitive damages, legal fees, declaratory relief, and permanent injunctive relief. No causes of action are listed nor grounds for the remedies. In particular, there is no information regarding the declaratory relief or injunctive relief sought, nor a basis for either.

As noted above, the complaint fails to delineate the capacities in which he is sued; it also fails to state which causes of action are brought against him, if any.

For Mr. Janzen, the complaint states that 1. He "acted in the course and scope of [his] employment by Riverside County Counsel's Office" (2:1-2); and 2. That he "handling civil case CVRI2306762 against Riverside County CPS, had direct evidence of his colleagues' malicious conduct. Rather than addressing their misconduct, Janzen filed motions to dismiss Plaintiff's claims under First Amendment and anti-SLAPP protections, further suppressing evidence of systemic government corruption." (4:18-22). These are the only mentions of Mr. Janzen and no details are given.

**The Complaint Fails to Specifically Plead Facts and Statutory Duty**

Under the California Tort Claims Act (Gov't Code, § 810 *et seq.*), "'a public entity is not liable for injury arising from an act or omission *except as provided by statute.*'" *Hoff v. Vacaville Unified Sch. Dist.* (1998) 19 Cal.4th 925, 932 (quoting *Creason v. Department of Health Services* (1998) 18 Cal.4th 623, 630–31 (emphasis added); see also Gov't Code § 815, subd. (a). Thus, in California, "'all government tort liability must be based on statute.'" *Hoff, supra,* 19 Cal.4th at 932 (quoting *Lopez v. Southern Cal. Rapid Transit Dist.* (1985) 40 Cal.3d 780, 785, fn. 2); see also *McCarty v Dept. of Transp.* (2008) 164 Cal. App. 4th 955, 977 ("[A] public entity

Re: *Ruben Mejia v. County of Riverside*
Case No: CVRI2500547
March 17, 2025
Page 4

cannot be held liable for common law negligence."). "[G]overnmental immunity from suit is the rule and liability the exception." *Trinkle v. California State Lottery*, (1999) 71 Cal.App.4th 1198, 1202. "In the absence of a constitutional requirement, public entities may be held liable only if a statute . . . is found declaring them to be liable." *Hoff, supra*, 19 Cal.4th at 932 (quoting *County of Sacramento v. Superior Court* (1972) 8 Cal.3d 479, 481) (internal citations omitted); see also Gov't Code § 815. Because the existence of a statute imposing liability is part of the plaintiff's prima facie case, the statute must be cited in the complaint. See *Foster v. County of San Luis Obispo*, (1993) 14 Cal. App. 4th 668, 672; and *Becerra v. County of Santa Cruz*, (1998) 68 Cal. App. 4th 1450, 1458.

This applies to claims against employees of the public entity under Government Code section 950.2 which states: "Except as provided in Section 950.4, a cause of action against a public employee or former public employee for injury resulting from an act or omission in the scope of his employment as a public employee is barred if an action against the employing public entity for such injury is barred under Part 3 (commencing with Section 900) of this division or under Chapter 2 (commencing with Section 945) of Part 4 of this division. This section is applicable even though the public entity is immune from liability for the injury." Government Code section 815.2, subdivision (a) provides that "[a] public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative." Government Code Section 815.2(b) goes on to state that, "[e]xcept as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability." A public employee is acting in the "scope of employment" when he is engaged in work he was employed to perform or when his act is incidental to his duty and was performed for the benefit of his employer and not to serve his own purposes or conveniences. *Neal v. Gatlin* (1973) 35 Cal. App.3d 871, 875.

Plaintiff neglects to identify any statutes which allow a claim against Janzen. The complaint mentions the first, fourth, and fourteenth amendments, as well as Article 1, Sections 7 and 13, or the California Constitution; however, none of these allow for claims in a civil lawsuit. Instead, litigants complaining of violation of constitutional right must utilize federal civil rights statutes. *Azul-Pacifico, Inc. v. City of Log Angeles* (1992 – 9th Cir) 973 F.2d 704, 705.

The Complaint cites only to 42 U.S.C. §1983 in one section in reference to a claimed conspiracy among unnamed persons in the County Counsel's Office, unnamed persons in the County Sheriff's Department, and private actors in plaintiff's family, also unnamed except for his ex-wife Adriana Melendez. As defendant is not named in that section, it is not being alleged against them.

Regardless, the limited and statutory nature of governmental liability mandates that claims against public entities and their employees must be specifically pleaded. *Brenner v. City of El*

Re: *Ruben Mejia v. County of Riverside*
Case No: CVRI2500547
March 17, 2025
Page 5

*Cajon* (2003) 113 Cal.App.4th 434, 439. In order to withstand attack by demurrer, "every fact essential to the existence of statutory liability must be pleaded with particularity, including the existence of a statutory duty" and that statute or enactment claimed to establish the duty must be identified. *Searcy v. Hemet Unified School District* (1986) 177 Cal.App.3d 792, 802.

No facts are alleged to support a claim under 42. U.S.C. §1983. Such a claim requires that "First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." *Catsouras v. Department of California Highway Patrol* (2010) 181 Cal.App.4th 856, 890.

The complaint fails to allege any actions by anyone that would support a claim for violation of plaintiff's rights, and in fact fails to allege any rights at all.

As to the general tort claims that are mentioned in the caption, perjury is not a civil cause of action in *California; in Kappel v. Bartlett*, (1988) 200 Cal.App.3d 1457, 1463, the court stated that "The first cause of action of the second amended complaint, alleging that a process server executed a false declaration of service, is entitled a cause of action for 'perjury.' We conclude that no such civil cause of action exists, and we decline to create such a cause."

A claim of malicious prosecution, requires that there was a prior proceeding that ended in the plaintiff's favor and that the defendant did not reasonably believe that there were any grounds (probable cause) to initiate the proceeding. (See Sheldon Appel Co. v. Albert & Oliker (1989) 47 Cal.3d 863, 881). The complaint has not alleged any of these elements.

Generally, "defamation is an invasion of the interest in reputation. The tort involves the intentional publication of a statement of fact that is false, unprivileged, and has a natural tendency to injure or which causes special damage." *Smith v. Maldonado* (1999) 72 Cal.App.4th 637, 645. Further, California Civil Code § 47(b)(4) states: A privileged publication or broadcast is one made . . . (4) in the initiation or course of any other proceeding authorized by law and reviewable pursuant to Chapter 2 (commencing with Section 1084) of Title 1 of Part 3 of the Code of Civil Procedure . . . ." The complaint fails to cite to any statutes that would allow a claim against County, and fails to allege any facts to support a claim for defamation, including who made what statements to whom, when they were made, that the statements were false, or that the speaker was negligent or made the statements with actual malice. Further, any such statements were privileged as discussed below.

"A cause of action for intentional infliction of emotional distress exists when there is '(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.' A defendant's conduct is 'outrageous' when it is so 'extreme as to exceed all bounds of that usually tolerated in a civilized community.' And the

Re: *Ruben Mejia v. County of Riverside*
Case No: CVRI2500547
March 17, 2025
Page 6

defendant's conduct must be 'intended to inflict injury or engaged in with the realization that injury will result.'" *Hughes v. Pair* (2009) 46 Cal.4th 1035, 1050–1051. However, there are no statutes cited to support this claim against a public entity, and facts to support the claim are not alleged with specificity.

**Mr. Janzen is Immune from Lawsuits Regarding Discretionary Acts**

*Government Code* section 820.2 provides that, "[e]xcept as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission [that] was the result of the exercise of the discretion vested in him, whether or not such discretion be abused." Discretionary immunity applies to shield a California public employee, and thereby his or her employer, see *Cal. Gov't Code*§ 815.2 (b), from liability for state law violations when an injury results "from [the employee's] act or omission where the act or omission was the result of the exercise of the discretion vested in [the employee], whether or not such discretion be abused." *Id.* § 820.2. "

*Civil Code* section 47(b) provides that a statement made "[i]n any (1) legislative proceeding, (2) judicial proceeding, (3) in any other official proceeding authorized by law, or (4) in the initiation or course of any other proceeding authorized by law and reviewable [by writ of mandamus]" is generally privileged. The litigation privilege of § 47(b) "applies to any communication "made in judicial or quasijudicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that [has] some connection or logical relations to the action." Action Apartment Ass'n, Inc. v. City of Santa Monica (2007) 41 Cal.4th 1232, 1241. "Although originally enacted with reference to defamation [Citation], the privilege is now held applicable to any communication, whether or not it amounts to a publication [Citations], and all torts except malicious prosecution. Further, it applies to any publication required or permitted by law in the course of a judicial proceeding to achieve the objects of the litigation, even though the publication is made outside the courtroom and no function of the court or its officers is involved."

*Gov. Code* §820.2. states that "Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused." Discretionary immunity applies to shield a California public employee, and thereby his or her employer, see Cal. Gov't Code§ 815.2 (b), from liability for state law violations when an injury results "from [the employee's] act or omission where the act or omission was the result of the exercise of the discretion vested in [the employee], whether or not such discretion be abused." Id. § 820.2. This immunity includes actions of attorneys regardless of malice or any abuse of discretion. Miller v. Hoagland (1966) 247 Cal. App. 2d 57, 62.

Under federal law, claims are barred by the Noerr-Pennington Doctrine. "The essence of the Noerr-Pennington doctrine is that those who petition any department of the government for

Re: *Ruben Mejia v. County of Riverside*
Case No: CVRI2500547
March 17, 2025
Page 7

redress are immune from statutory liability for their petitioning conduct." *Theme Promotions, Inc. v. News America Marketing FSI* (9th Cir. 2008) 546 F.3d 991, 1006-1007. The doctrine was extended by the Court to include common-law torts and can apply concurrently with state privileges that advance a similar goal. Id. at 1007. "[T]o say that one does not have Noerr-Pennington immunity is to conclude that one's petitioning activity is unprotected by the First Amendment." *White v. Lee* (9th Cir. 2000) 227 F.3d 1214, 1231. "The First Amendment petition right belongs to the defendants in the original case, though their employees, law firms and lawyers, as their agents in that litigation, get to benefit as well." *Freeman v. Lasky, Haas & Cohler* (9th Cir. 2005) 410 F.3d 1180, 1186.

Noerr-Pennington immunity extends both to the filing and prosecution of a lawsuit, and to conduct that is incidental to prosecution of the suit. *Sosa v. DIRECTV, Inc.* (9th Cir. 2006) 437 F.3d 923, 933-936 [protected activity includes "assorted documents and pleadings, in which [litigants] make representations and present arguments to support their request that the court do or not do something," as well as communications between private parties "so long as they are sufficiently related to petitioning activity"].

Further, "Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Reichle v. Howards* (2012) 132 S. Ct. 2088, 2093. To be clearly established, the "contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton* (1987) 483 U.S. 635, 640. In other words, "existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd* (2009) 131 S. Ct. 2074, 2083. Plaintiff presents no claimed violation, much less one that is beyond debate.

The only action alleged by Mr. Janzen is the filing of motions in a civil case, and this clearly falls within the above privileges.

**The Complaint is Subject to an Anti-SLAPP Motion**

The complaint is also subject to an anti-SLAPP motion. California's anti-SLAPP statute states, in part, that: "it is in the public interest to encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial process." Cal. Civ. Proc. Code § 425.16. Protected activity includes attorney's actions in litigation. The Court in Contreras v. Dowling (2016) 5 Cal.App. 5th 394, 408-409, stated "Under the plain language of section 425.16, subdivision (e)(1) and (2), as well as the case law interpreting those provisions, all communicative acts performed by attorneys as part of their representation of a client in a judicial proceeding or other petitioning context are per se protected as petitioning activity by the anti-SLAPP statute" and "An attorney's communication with opposing counsel on behalf of a client regarding pending litigation directly implicates the right to petition and thus is subject to a special motion to strike," meaning that "allegedly tortious

Re: *Ruben Mejia v. County of Riverside*
Case No: CVRI2500547
March 17, 2025
Page 8

activity centered in defendants' role as counsel was protected litigation activity."

As noted, the only action alleged by Mr. Janzen is the filing of motions in a civil case, and these are protected activities and are subject to privileges and immunities.

Please note that filing an anti-SLAPP motion in response to a SLAPP complaint can be used not only to defeat the complaint, but also to hold the plaintiff liable for paying the entirety of the defendant's attorney's fees if the defendant prevails. In fact, the defendant's attorney may even be entitled to a fee enhancement from the plaintiffs. *Ketchum v. Moses* (2001) 24 Cal. 4th 1122.

## MOTION TO STRIKE

**Punitive Damages are not Permitted Against a Public Entity and There is no Basis for Punitive Damages Against Defendants**

*Government Code* section 818 provides: "Notwithstanding any other provision of law, a public entity is not liable for damages awarded under Section 3294 of the Civil Code or other damages imposed primarily for the sake of example and by way of punishing the defendant." Thus, no such requests may be made against this defendant, which is a public entity.

Assuming any causes of action are plead against Mr. Janzen, there is no basis or facts plead to support a claim of punitive damages.

*Civil Code* §3294 governs punitive damages and states that "(a) In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant." Needless to say, the conduct must be egregious for punishment to be appropriate. No such facts are plead here.

**There is No Basis for Attorney's Fees**

In order to pray for attorney's fees, Plaintiffs must cite to specific authority or to a contractual obligation. California Code of Civil Procedure §1021, states in pertinent part that "Except as attorney's fees are specifically provided for by statute, the measure and mode of attorneys and counselors at law is left to the agreement, express or implied, of the parties…" No basis for fees is alleged.

**The Prayer for Declaratory Relief and Permanent Injunctive Relief is Improper**

In *Department of Fair Employment and Housing v. Superior Court of Kern County* (2020) 54Cal App. 5th 356, 384-385, the Court discussed preliminary injunctions:

Re: *Ruben Mejia v. County of Riverside*
Case No: CVRI2500547
March 17, 2025
Page 9

> In the usual context, a preliminary injunction is a provisional remedy meant
> to prevent harm or preserve the status quo pending a trial on the merits.
> (*Continental Baking Co. v. Katz* (1968) 68 Cal.2d 512, 528, 67 Cal.Rptr.
> 761, 439 P.2d 889.) Typically, it is not, in itself, a cause of action (*MaJor v.
> Miraverde Homeowners Assn.* (1992) 7 Cal.App.4th 618, 623, 9 Cal.Rptr.2d
> 237); thus, ordinarily, a preliminary injunction may be sought only when the
> underlying cause of action on which the provisional remedy rests is
> presented for decision through the pleadings (*Moreno Mut. Irr. Co. v.
> Beaumont Irr. Dist.* (1949) 94 Cal.App.2d 766, 778, 211 P.2d 928 ["A
> preliminary injunction is warranted only if there is on file a complaint which
> states a sufficient cause of action for injunctive relief of the character
> embraced in the preliminary injunction."]; see generally Moore & Thomas,
> Cal. Civ. Practice (2020) Procedure, § 16:119).

Declaratory and related relief requires that there be a basis for the relief plead, and the complaint
fails to do so. It also fails to state what specific relief is sought.

Our responsive pleading is due by March 31, 2025, so please advise if you are willing to dismiss
or amend the complaint by **March 24, 2025**

Should you need additional information or wish to discuss this matter further, please feel free to
contact me directly at (951) 955-6300.

Sincerely,

Office of County Counsel

MINH TRAN
County Counsel

MT:ss



**OFFICE OF COUNTY COUNSEL**
**COUNTY OF RIVERSIDE**

3960 ORANGE STREET, SUITE 500
RIVERSIDE, CA 92501-3674
TELEPHONE: 951/955-6300
FAX: 951/955-6322 & 951/955-6363

March 17, 2025

<u>Via U.S. Mail & E-mail:</u>

Ruben Mejia
P.O. Box 144
Cabazon, CA 92230
E: Mejia.grunt1@gmail.com

Re:   <u>*Ruben Mejia v. County of Riverside, et al.*</u>
      Case No:  CVRI2500547

Dear Mr. Mejia:

My office represents the County of Riverside ("County") and is currently serving as counsel for the Mr. Tran and Mr. Chu in the defense of the matter of *Mejia v. County of Riverside, et. al*. If you have obtained an attorney, please forward this letter to them so we can speak with them directly.

We are in receipt of your complaint and write to meet and confer as required by Code of Civil Procedure sections 430.41 and 435.5 on behalf of Mr. Tran and Mr. Chu.

As to Mr. Tran and Mr. Chu, your complaint fails to provide any basis for suit against either defendant, whether in official or individual capacities, fails to allege compliance with the tort claim act, is uncertain, fails to identify any statutory basis for suit or sufficient facts to support a claim, they are statutorily immune from this claim, and there is no basis for punitive damages, attorneys fees, or injunctive relief. As such, we respectfully request that you immediately dismiss this lawsuit against them.

Please note that California Code of Civil Procedure sections 1038, 128.5, and 128.7 provide for sanctions, including attorney's fees and costs for maintaining an action against a public entity in bad faith and without reasonable justification:

> <u>Code of Civil Procedure section 1038</u> involves proceedings under the Tort Claims Act. The statute allows for governmental entities to recover their defense costs when prevailing on a motion for summary judgment, motion for directed verdict, non-suit, etc., where the Court determines that the action was not brought with reasonable cause and in good faith that there was a justifiable controversy under the facts and law which warranted the filing of the complaint. Defense costs are defined in subsection (b) as: "reasonable attorney's fees, expert witness fees, expense of services of experts, advisors, and consultants…" In *Carroll v. State of California* (1990) 217 Cal. App. 3d 134, the court awarded costs and attorney's fees under Section 1038 following plaintiff's refusal to dismiss the County of Riverside after it had repeatedly notified plaintiff's attorney of its lack of

Re: *Ruben Mejia v. County of Riverside*
Case No: CVRI2500547
March 17, 2025
Page 2

jurisdiction and control over the property in question.

<u>Code of Civil Procedure 128.5</u> permits a court to order a party, the party's attorney or both to pay any reasonable expense, including attorney's fees as a result of bad-faith or frivolous actions.

<u>Code of Civil Procedure 128.7</u> states that where the plaintiff's operative complaint was not brought in good faith and with reasonable cause and is frivolous in nature, the court may impose sanctions upon the attorneys, law firms, or parties.

As demonstrated herein, your case cannot be maintained against Mr. Tran or Mr. Chu. Further pursuit of this litigation against the County is likely to result in the imposition of costs, attorney's fees, and/or expert fees, which we will be forced to seek on behalf of our clients.

In the event you are not willing to dismiss at this time, we would also meet and confer as required by Code of Civil Procedure sections 430.41 and 435.5.

<u>**DEMURRER**</u>

**The Complaint Fails to Provide any Support of Claims Against Mr. Tran and Mr. Chu in Either Their Individual or Official Capacities and is Duplicative in Regards to Claims of Official Capacity**

As discussed further below, there is no basis alleged for any claim against Mr. Tran or Mr. Chu. No statutes or facts are alleged against either, and no basis is given for a claim in official or individual capacities. It does not delineate between the two capacities nor state how each of the claims or facts apply to each. Further, as a claim made in official capacity is a claim against County of Riverside, those claims are duplicative and improper. (See *Monell v. NYC Dept. Of Social Services* (1978) 658; *Lewis v. Clark*, (2017) 581 U.S. 155).

**The Complaint Fails to Allege Compliance with the Tort Claim Act**

Under the claims presentation requirements of the California Government Claims Act "the filing of a claim for damages 'is more than a procedural requirement, it is a condition precedent to plaintiff's maintaining an action against defendant, in short, an integral part of plaintiff's cause of action.'" *State of California v. Superior Court* (2004) 32 Cal. 4th 1234, 1240, internal citations omitted. A "plaintiff must timely file a claim for money or damages with the public entity. The failure to do so bars the plaintiff from bringing suit against that entity." *Id.* at 1237. The Court concluded that "the failure to allege facts demonstrating or excusing compliance with the claim presentation requirements subjects a claim against a public entity to a demurrer for failure to state a cause of action." *Id.* at 1239.

Re: *Ruben Mejia v. County of Riverside*
Case No: CVRI2500547
March 17, 2025
Page 3

All claims for money or damages against 1) a public entity or 2) <u>a public employee acting within the course and scope of his or her employment</u> must satisfy the presentation requirements of the Government Claims Act. (*Gov. Code* §§ 905 and 950.2, emphasis added).

The complaint fails to allege compliance with the tort claim requirements. Without such a claim, the lawsuit against defendants cannot proceed.

**The Complaint is Uncertain as to what Causes of Action are being Plead and what Relief is Sought**

The complaint caption notes causes of action for: 1. Suborninating (sic) perjury; 2. Malicious prosecution; 3. defamation; 4. Intentional infliction of emotional distress; 5. Conspiracy to deprive constitutional rights under color of law; and 6. Deprivation of constitutional rights under color of law.

The complaint fails to delineate among these claims and instead has a single section of faction allegations which fail to support any of these claims. In the prayer, it has remedies of compensatory damages, punitive damages, legal fees, declaratory relief, and permanent injunctive relief. No causes of action are listed nor grounds for the remedies. In particular, there is no information regarding the declaratory relief or injunctive relief sought, nor a basis for either.

As noted above, the complaint fails to delineate the capacities in which they are sued; it also fails to state which causes of action are brought against them, if any.

For Mr. Tran, the complaint states that 1. He "acted in the course and scope of [his] employment by Riverside County Counsel's Office" (2:1-2); and 2. That he (presumably what is meant by Chief County Counsel) "knowingly and intentionally subordinated perjury in conspiracy with other county agents to deprive plaintiff of his constitutional rights through an unlawful investigation." (2:12-14). These are the only mentions of Mr. Tran and no details are given.

Similar lack of detail is given as to Mr. Chu. The Complaint alleges that 1. He "acted in the course and scope of [his] employment by Riverside County Counsel's Office" (2:1-2); and 2. He "knowingly and intentionally subordinated perjury in conspiracy with other county agents to deprive plaintiff of his constitutional rights through an unlawful investigation." (2:12-14); 3. "in collaboration with state and private actors, including social workers Michelle Leflore, Amanda Young, and Plaintiff's own family members, fabricated falls allegations that plaintiff had: sold all of his children's clothing, removed pictures of his deceased girlfriend from his walls, committed acts of domestic violence, despite the absence of such claims in his criminal record." (p.3:3-10); and 4. He "objected to China Todd's testimony in an effort to cover up the perjury and conspiracy between county agencies and private actors." (3:25-27).

Re: *Ruben Mejia v. County of Riverside*
Case No: CVRI2500547
March 17, 2025
Page 4

## The Complaint Fails to Specifically Plead Facts and Statutory Duty

Under the California Tort Claims Act (Gov't Code, § 810 *et seq.*), "'a public entity is not liable for injury arising from an act or omission *except as provided by statute.*'" *Hoff v. Vacaville Unified Sch. Dist.* (1998) 19 Cal.4th 925, 932 (quoting *Creason v. Department of Health Services* (1998) 18 Cal.4th 623, 630–31 (emphasis added); see also Gov't Code § 815, subd. (a). Thus, in California, "'all government tort liability must be based on statute.'" *Hoff, supra,* 19 Cal.4th at 932 (quoting *Lopez v. Southern Cal. Rapid Transit Dist.* (1985) 40 Cal.3d 780, 785, fn. 2); see also *McCarty v Dept. of Transp.* (2008) 164 Cal. App. 4th 955, 977 ("[A] public entity cannot be held liable for common law negligence."). "[G]overnmental immunity from suit is the rule and liability the exception." *Trinkle v. California State Lottery,* (1999) 71 Cal.App.4th 1198, 1202. "In the absence of a constitutional requirement, public entities may be held liable only if a statute . . . is found declaring them to be liable." *Hoff, supra,* 19 Cal.4th at 932 (quoting *County of Sacramento v. Superior Court* (1972) 8 Cal.3d 479, 481) (internal citations omitted); see also Gov't Code § 815. Because the existence of a statute imposing liability is part of the plaintiff's prima facie case, the statute must be cited in the complaint. See *Foster v. County of San Luis Obispo,* (1993) 14 Cal. App. 4th 668, 672; and *Becerra v. County of Santa Cruz,* (1998) 68 Cal. App. 4th 1450, 1458.

This applies to claims against employees of the public entity under Government Code section 950.2 which states: "Except as provided in Section 950.4, a cause of action against a public employee or former public employee for injury resulting from an act or omission in the scope of his employment as a public employee is barred if an action against the employing public entity for such injury is barred under Part 3 (commencing with Section 900) of this division or under Chapter 2 (commencing with Section 945) of Part 4 of this division. This section is applicable even though the public entity is immune from liability for the injury." Government Code section 815.2, subdivision (a) provides that "[a] public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative." Government Code Section 815.2(b) goes on to state that, "[e]xcept as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability." A public employee is acting in the "scope of employment" when he is engaged in work he was employed to perform or when his act is incidental to his duty and was performed for the benefit of his employer and not to serve his own purposes or conveniences. *Neal v. Gatlin* (1973) 35 Cal. App.3d 871, 875.

Plaintiff neglects to identify any statutes which allow a claim against Mr. Tran or Mr. Chu. The complaint mentions the first, fourth, and fourteenth amendments, as well as Article 1, Sections 7 and 13, or the California Constitution; however, none of these allow for claims in a civil lawsuit. Instead, litigants complaining of violation of constitutional right must utilize federal civil rights statutes. *Azul-Pacifico, Inc. v. City of Log Angeles* (1992 – 9th Cir) 973 F.2d 704, 705.

Re: *Ruben Mejia v. County of Riverside*
Case No: CVRI2500547
March 17, 2025
Page 5

The Complaint cites only to 42 U.S.C. §1983 in one section in reference to a claimed conspiracy among unnamed persons in the County Counsel's Office, unnamed persons in the County Sheriff's Department, and private actors in plaintiff's family, also unnamed except for his ex-wife Adriana Melendez. As defendants are not named in that section, it is not being alleged against them.

Regardless, the limited and statutory nature of governmental liability mandates that claims against public entities  and their employees must be specifically pleaded. *Brenner v. City of El Cajon* (2003) 113 Cal.App.4th 434, 439.  In order to withstand attack by demurrer, "every fact essential to the existence of statutory liability must be pleaded with particularity, including the existence of a statutory duty" and that statute or enactment claimed to establish the duty must be identified. *Searcy v. Hemet Unified School District* (1986) 177 Cal.App.3d 792, 802.

No facts are alleged to support a claim under 42. U.S.C. §1983. Such a claim requires that "First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." *Catsouras v. Department of California Highway Patrol* (2010) 181 Cal.App.4th 856, 890.

The complaint fails to allege any actions by anyone that would support a claim for violation of plaintiff's rights, and in fact fails to allege any rights at all.

As to the general tort claims that are mentioned in the caption, perjury is not a civil cause of action in *California; in Kappel v. Bartlett*, (1988) 200 Cal.App.3d 1457, 1463, the court stated that "The first cause of action of the second amended complaint, alleging that a process server executed a false declaration of service, is entitled a cause of action for 'perjury.' We conclude that no such civil cause of action exists, and we decline to create such a cause."

A claim of malicious prosecution, requires that there was a prior proceeding that ended in the plaintiff's favor and that the defendant did not reasonably believe that there were any grounds (probable cause) to initiate the proceeding. (See Sheldon Appel Co. v. Albert & Oliker (1989) 47 Cal.3d 863, 881). The complaint has not alleged any of these elements.

Generally, "defamation is an invasion of the interest in reputation. The tort involves the intentional publication of a statement of fact that is false, unprivileged, and has a natural tendency to injure or which causes special damage." *Smith v. Maldonado* (1999) 72 Cal.App.4th 637, 645. Further, California Civil Code § 47(b)(4) states:  A privileged publication or broadcast is one made . . . (4) in the initiation or course of any other proceeding authorized by law and reviewable pursuant to Chapter 2 (commencing with Section 1084) of Title 1 of Part 3 of the Code of Civil Procedure . . . ."  The complaint fails to cite to any statutes that would allow a claim against County, and fails to allege any facts to support a claim for defamation, including who made what statements to whom, when they were made, that the statements were false, or that the speaker was negligent or made the statements with actual malice. Further, any such

Re: *Ruben Mejia v. County of Riverside*
Case No: CVRI2500547
March 17, 2025
Page 6

statements were privileged as discussed below.

"A cause of action for intentional infliction of emotional distress exists when there is '(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.' A defendant's conduct is 'outrageous' when it is so 'extreme as to exceed all bounds of that usually tolerated in a civilized community.' And the defendant's conduct must be 'intended to inflict injury or engaged in with the realization that injury will result.'" *Hughes v. Pair* (2009) 46 Cal.4th 1035, 1050–1051. However, there are no statutes cited to support this claim against a public entity, and facts to support the claim are not alleged with specificity.

**Mr. Tran and Mr. Chu are Immune from Lawsuits Regarding Discretionary Acts**

*Government Code* section 820.2 provides that, "[e]xcept as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission [that] was the result of the exercise of the discretion vested in him, whether or not such discretion be abused." Discretionary immunity applies to shield a California public employee, and thereby his or her employer, see *Cal. Gov't Code* § 815.2 (b), from liability for state law violations when an injury results "from [the employee's] act or omission where the act or omission was the result of the exercise of the discretion vested in [the employee], whether or not such discretion be abused." *Id.* § 820.2. "

*Civil Code* section 47(b) provides that a statement made "[i]n any (1) legislative proceeding, (2) judicial proceeding, (3) in any other official proceeding authorized by law, or (4) in the initiation or course of any other proceeding authorized by law and reviewable [by writ of mandamus]" is generally privileged. The litigation privilege of § 47(b) "applies to any communication "made in judicial or quasijudicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that [has] some connection or logical relations to the action." Action Apartment Ass'n, Inc. v. City of Santa Monica (2007) 41 Cal.4th 1232, 1241. "Although originally enacted with reference to defamation [Citation], the privilege is now held applicable to any communication, whether or not it amounts to a publication [Citations], and all torts except malicious prosecution. Further, it applies to any publication required or permitted by law in the course of a judicial proceeding to achieve the objects of the litigation, even though the publication is made outside the courtroom and no function of the court or its officers is involved."

*Gov. Code* §820.2. states that "Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused." Discretionary immunity applies to shield a California public employee, and thereby his or her

Re: *Ruben Mejia v. County of Riverside*
Case No: CVRI2500547
March 17, 2025
Page 7

employer, see Cal. Gov't Code§ 815.2 (b), from liability for state law violations when an injury results "from [the employee's] act or omission where the act or omission was the result of the exercise of the discretion vested in [the employee], whether or not such discretion be abused." Id. § 820.2. This immunity includes actions of attorneys regardless of malice or any abuse of discretion. Miller v. Hoagland (1966) 247 Cal. App. 2d 57, 62.

Under federal law, claims are barred by the Noerr-Pennington Doctrine. "The essence of the Noerr-Pennington doctrine is that those who petition any department of the government for redress are immune from statutory liability for their petitioning conduct." *Theme Promotions, Inc. v. News America Marketing FSI* (9th Cir. 2008) 546 F.3d 991, 1006-1007. The doctrine was extended by the Court to include common-law torts and can apply concurrently with state privileges that advance a similar goal. Id. at 1007. "[T]o say that one does not have Noerr-Pennington immunity is to conclude that one's petitioning activity is unprotected by the First Amendment." *White v. Lee* (9th Cir. 2000) 227 F.3d 1214, 1231. "The First Amendment petition right belongs to the defendants in the original case, though their employees, law firms and lawyers, as their agents in that litigation, get to benefit as well." *Freeman v. Lasky, Haas & Cohler* (9th Cir. 2005) 410 F.3d 1180, 1186.

Noerr-Pennington immunity extends both to the filing and prosecution of a lawsuit, and to conduct that is incidental to prosecution of the suit. *Sosa v. DIRECTV, Inc.* (9th Cir. 2006) 437 F.3d 923, 933-936 [protected activity includes "assorted documents and pleadings, in which [litigants] make representations and present arguments to support their request that the court do or not do something," as well as communications between private parties "so long as they are sufficiently related to petitioning activity"].

Further, "Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Reichle v. Howards* (2012) 132 S. Ct. 2088, 2093. To be clearly established, the "contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton* (1987) 483 U.S. 635, 640. In other words, "existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd* (2009) 131 S. Ct. 2074, 2083. Plaintiff presents no claimed violation, much less one that is beyond debate.

The claims appear to all be based on the investigation and prosecution of child dependency matters and thus fall within the above privileges.

**The Complaint is Subject to an Anti-SLAPP Motion**

The complaint is also subject to an anti-SLAPP motion. California's anti-SLAPP statute states, in part, that: "it is in the public interest to encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial

Re: *Ruben Mejia v. County of Riverside*
Case No: CVRI2500547
March 17, 2025
Page 8

process." Cal. Civ. Proc. Code § 425.16. Protected activity includes attorney's actions in litigation. The Court in Contreras v. Dowling (2016) 5 Cal.App. 5th 394, 408-409, stated "Under the plain language of section 425.16, subdivision (e)(1) and (2), as well as the case law interpreting those provisions, all communicative acts performed by attorneys as part of their representation of a client in a judicial proceeding or other petitioning context are per se protected as petitioning activity by the anti-SLAPP statute" and "An attorney's communication with opposing counsel on behalf of a client regarding pending litigation directly implicates the right to petition and thus is subject to a special motion to strike," meaning that "allegedly tortious activity centered in defendants' role as counsel was protected litigation activity."

As noted, the claims against defendants are based on various judicial proceedings and communications based thereon. These are all protected activities and are subject to privileges and immunities.

Please note that filing an anti-SLAPP motion in response to a SLAPP complaint can be used not only to defeat the complaint, but also to hold the plaintiff liable for paying the entirety of the defendant's attorney's fees if the defendant prevails. In fact, the defendant's attorney may even be entitled to a fee enhancement from the plaintiffs. *Ketchum v. Moses* (2001) 24 Cal. 4th 1122.

## MOTION TO STRIKE

**Punitive Damages are not Permitted Against a Public Entity and There is no Basis for Punitive Damages Against Defendants**

*Government Code* section 818 provides: "Notwithstanding any other provision of law, a public entity is not liable for damages awarded under Section 3294 of the Civil Code or other damages imposed primarily for the sake of example and by way of punishing the defendant." Thus, no such requests may be made against this defendant, which is a public entity.

Assuming any causes of action are plead against Mr. Tran and Mr. Chu, there is no basis or facts plead to support a claim of punitive damages.

*Civil Code* §3294 governs punitive damages and states that "(a) In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant." Needless to say, the conduct must be egregious for punishment to be appropriate. No such facts are plead here.

**There is No Basis for Attorney's Fees**

In order to pray for attorney's fees, Plaintiffs must cite to specific authority or to a contractual

Re: *Ruben Mejia v. County of Riverside*
Case No: CVRI2500547
March 17, 2025
Page 9

obligation. California Code of Civil Procedure §1021, states in pertinent part that "Except as attorney's fees are specifically provided for by statute, the measure and mode of attorneys and counselors at law is left to the agreement, express or implied, of the parties…" No basis for fees is alleged.

**The Prayer for Declaratory Relief and Permanent Injunctive Relief is Improper**

In *Department of Fair Employment and Housing v. Superior Court of Kern County* (2020) 54Cal App. 5th 356, 384-385, the Court discussed preliminary injunctions:

> In the usual context, a preliminary injunction is a provisional remedy meant to prevent harm or preserve the status quo pending a trial on the merits. (*Continental Baking Co. v. Katz* (1968) 68 Cal.2d 512, 528, 67 Cal.Rptr. 761, 439 P.2d 889.) Typically, it is not, in itself, a cause of action (*MaJor v. Miraverde Homeowners Assn.* (1992) 7 Cal.App.4th 618, 623, 9 Cal.Rptr.2d 237); thus, ordinarily, a preliminary injunction may be sought only when the underlying cause of action on which the provisional remedy rests is presented for decision through the pleadings (*Moreno Mut. Irr. Co. v. Beaumont Irr. Dist.* (1949) 94 Cal.App.2d 766, 778, 211 P.2d 928 ["A preliminary injunction is warranted only if there is on file a complaint which states a sufficient cause of action for injunctive relief of the character embraced in the preliminary injunction."]; see generally Moore & Thomas, Cal. Civ. Practice (2020) Procedure, § 16:119).

Declaratory and related relief requires that there be a basis for the relief plead, and the complaint fails to do so. It also fails to state what specific relief is sought.

Our responsive pleading is due by March 31, 2025, so please advise if you are willing to dismiss or amend the complaint by **March 24, 2025**

Should you need additional information or wish to discuss this matter further, please feel free to contact me directly at (951) 955-6300.

Sincerely,

Office of County Counsel

*Justin J. Janzen*

JUSTIN J. JANZEN
Deputy County Counsel

JJJ:ss

# Exhibit

# B



Screenshot_20250620 ... , ... 3/20/25, 11:58 PM



Screenshot.                                                                                    11:57 PM



# Exhibit

# C

# M Gmail

## Formal Notice of Jurisdiction Violation and Intent to Seek Sanctions

**Janzen, Justin** <JJanzen@rivco.org>                                    Thu, Mar 20, 2025 at 10:43 AM
To: Ruben Mejia <mejia.grunt1@gmail.com>, "Tran, Minh" <MiTran@rivco.org>, "Chu, Warren" <WChu@rivco.org>,
"LeFlore, Michelle" <MLeFlore@rivco.org>, "Patel, Deepa" <DEpatel@rivco.org>, "Davis, Ashley" <AShdavis@rivco.org>,
"Rattray, Leisa" <lrattray@rivco.org>, "Rainey, Letitia" <LRainey@rivco.org>, Adrian Urrutia
<urrutiacomputers@gmail.com>, Adriana Melendrez <adriana.isaiah@gmail.com>, "mejiam0516@gmail.com"
<mejiam0516@gmail.com>
Cc: Ruben Mejia <rmejia4084@sdsu.edu>

Mr. Mejia,

Contrary to your claims, we are not aware of a removal to Federal Court. Under 28 U.S Code section
1446, a "Defendant or Defendants desiring to remove any civil action from a State court shall file..." You
are the plaintiff in this action, not a defendant, so the statute does not provide any basis for you to
remove the case.

Further, I have not received an actual notice of any claimed removal. If you are referring to your e-mail
with a photo of one page of a document, that is not a proper notice. Likewise, I have not received  notice
of any filing of any documents with the state court, nor any action by the state court acknowledging that a
removal has occurred.

As such, the state action is still pending and we will respond as required by law.

Sincerely,

Justin Janzen

---

**From:** Ruben Mejia
**Sent:** Thursday, March 20, 2025 10:29 AM
**To:** Tran, Minh; Chu, Warren; Janzen, Justin; LeFlore, Michelle; Patel, Deepa; Davis, Ashley;
Rattray, Leisa; Rainey, Letitia; Adrian Urrutia; Adriana Melendrez; mejiam0516@gmail.com
**Cc:** Ruben Mejia
**Subject:** Formal Notice of Jurisdiction Violation and Intent to Seek Sanctions

CAUTION: This email originated externally from the **Riverside County** email system. **DO NOT** click links or open
attachments unless you recognize the sender and know the content is safe.

Confidentiality Disclaimer

This email is confidential and intended solely for the use of the individual(s) to whom it is addressed. The information contained in this message may be
privileged and confidential and protected from disclosure.
If you are not the author's intended recipient, be advised that you have received this email in error and that any use, dissemination, forwarding, printing,
or copying of this email is strictly prohibited. If you have received this email in error please delete all copies, both electronic and printed, and contact the
author immediately.

Gmail - Formal...    ...on Violat...    ...to Intent to Seek Sanctions    i, 11:55 PM

# Gmail

---

## Formal Notice of Jurisdiction Violation and Intent to Seek Sanctions

---

**Ruben Mejia** <rmejia4084@sdsu.edu>                                Thu, Mar 20, 2025 at 10:48 AM
To: "Janzen, Justin" <JJanzen@rivco.org>, "Tran, Minh" <Mitran@rivco.org>, "Chu, Warren" <wchu@rivco.org>, "Davis, Ashley" <AShdavis@rivco.org>, "LeFlore, Michelle" <mleflore@rivco.org>, Leisa Rattray <lrattray@rivco.org>, Letitia Rainey <LRainey@rivco.org>, Deepa Patel <DEpatel@rivco.org>, Adriana Melendrez <adriana.isaiah@gmail.com>, Adrian Urrutia <urrutiacomputers@gmail.com>, mejiam0516@gmail.com
Cc: Ruben Mejia <mejia.grunt1@gmail.com>

I just spoke with Ashley Davis, who verbally confirmed that she informed all involved parties — including Mr. Tran — that my case had been removed to federal court. I have the full transcript of that conversation, and I am attaching a copy for your reference.

You have now directly contradicted her testimony. So either you are lying, or she is lying. Either way, both of you are state employees, and this creates a serious liability issue for your office.

If you were unaware of the removal, then Mr. Tran violated the Federal Rules of Civil Procedure by continuing to engage with the case post-removal. Under 28 U.S.C. § 1446(d), the state court — and by extension, all parties involved — lose jurisdiction immediately upon removal to federal court. Any subsequent action is not just voidable — it is void ab initio. Mr. Tran's continued interference after removal could constitute direct contempt of federal jurisdiction, which carries serious consequences.

You're a licensed attorney. You graduated from law school, passed the bar, and hold a position that pays you six figures. So how is it that you are handing me this kind of evidence on a silver platter? If I were you, I would remain silent, because you are giving me exactly what I need to pursue sanctions and potential criminal prosecution. This is beginning to look less like negligence and more like deliberate misconduct.

Federal case law makes the implications of this situation clear:

Ackerman v. ExxonMobil Corp., 734 F.3d 237, 248 (4th Cir. 2013) – Holding that any state court proceedings following removal are void unless the case is remanded.
Morris v. City of Hobart, 39 F.3d 1105, 1111 (10th Cir. 1994) – Establishing that any attempt to continue proceedings in state court post-removal is a direct violation of federal jurisdiction and warrants sanctions.
28 U.S.C. § 1447(c) – Allowing for recovery of costs and expenses for improper post-removal conduct.
Furthermore, if Mr. Tran knowingly violated these rules and misrepresented his authority or your position as his client, that may rise to the level of professional misconduct, which could trigger state bar disciplinary action and possibly criminal liability.

If I were you, I would stop digging the hole you're already in. I suggest you consult your professional liability carrier immediately. This email serves as your formal notice that I intend to seek sanctions and other appropriate relief unless you promptly address this situation.

Govern yourself accordingly.

Sincerely,
[Ruben Mejia ]

---

# Exhibit

# D



**The State Bar of California**

**OFFICE OF CHIEF TRIAL COUNSEL**

January 16, 2025

**PERSONAL AND CONFIDENTIAL**
DELIVERED VIA EMAIL TO: Mejia.grunt1@gmail.com

Ruben Mejia
52279 Maxine Ave
Cabazon, CA 92230

RE:    OCTC Case Number: 24-O-14449
       Attorney: Cesar Montoya

Dear Ruben Mejia:

The State Bar of California, Office of Chief Trial Counsel (OCTC) has reviewed your allegations of professional misconduct against the above-named attorney in the above-captioned case (your complaint).

Based on our review and evaluation of all relevant circumstances, we have decided that your complaint is best resolved by requiring the attorney to participate in OCTC's diversion program, which is implemented pursuant to the State Bar's Rules of Procedure. The diversion program requires the attorney, within a specified diversion period (from 180 to 365 days) to comply with conditions intended to prevent the type of conduct you reported from occurring in the future. If the attorney complies fully with the diversion conditions, then, at the end of the diversion period, your complaint will be closed. If the attorney fails to comply fully with the diversion conditions, OCTC may, but is not required to, reopen your complaint for further investigation and possible disciplinary action. You will be notified of the results of the attorney's participation in the diversion program.

Participation in the diversion program does not constitute the imposition of professional discipline. A record of the attorney's participation in the diversion program will be kept in OCTC's files and may be taken into consideration in the event the State Bar receives additional complaints against the attorney. However, the attorney's participation in the diversion program is confidential and not a matter of public record and has not been disclosed to anyone except you and the attorney.

San Francisco Office
180 Howard Street
San Francisco, CA 94105

www.calbar.ca.gov

Los Angeles Office
845 South Figueroa Street
Los Angeles, CA 90017

Ruben Mejia
January 16, 2025
Page 2

We appreciate your efforts in bringing this matter to our attention.  We believe the attorney's participation in the diversion program, if successful, will adequately address the conduct you brought to our attention.

If you disagree with this decision, you may request review by the State Bar's Complaint Review Unit, which will recommend that your complaint be reopened if it determines that OCTC's decision lacks a proper basis or that you have presented new information and that further investigation is warranted. To request review by the Complaint Review Unit, you must submit your request for review in writing, setting out the reasons why you disagree with OCTC's decision, either:

1)  Via email: Within 30 days of the date of this letter, by email to: CRU@calbar.ca.gov; or
2)  Via United States Mail: Post-marked within 30 days of the date of this letter, to:

> The State Bar of California
> Complaint Review Unit
> Office of General Counsel
> 180 Howard Street
> San Francisco, CA 94105-1617

Please note that telephonic requests for review will not be accepted.

We would appreciate if you would complete a short, anonymous survey about your experience with filing your complaint.  While no action will be taken on your complaint based on your responses to the survey, the State Bar will use your answers to help improve the services we provide to the public. The survey can be found at https://www.surveymonkey.com/r/HJGKWY7.

Sincerely,

Jaime Vogel
Supervising Attorney
Jaime.vogel@calbar.ca.gov

# Exhibit

# E



# Legal Directive Regarding Visitation, Therapeutic Setting Requirement, and Documented Misconduct – Ruben Mejia

1 message

**Chu, Warren** <WChu@rivco.org>                                      Tue, Mar 25, 2025 at 2:00 PM
To: Ruben Mejia <mejia.grunt1@gmail.com>
Cc: Davis, Ashley <AShdavis@rivco.org>, Patel, Deepa <DEpatel@rivco.org>, Janzen, Justin <JJanzen@rivco.org>,
Tran, Minh <MiTran@rivco.org>, LeFlore, Michelle <MLeFlore@rivco.org>

Dear Mr. Mejia:

The visits DPSS has offered you are in accordance with prior court orders.  Currently, there is no order from dependency court that your visits must be in a therapeutic setting.  If you know when the court ordered therapeutic visits, then I will look up the Minute Order to confirm and ensure compliance.  I am also not aware of any information where therapeutic visits are being recommended, other than yourself.  Therapeutic visits are usually reserved for circumstances where a child does not want to visit with a parent due to trauma and a therapist assists in re-establishing the relationship.  My understanding is that your daughters want to visit with you.  Ultimately, it is your choice whether you want to visit or not.

If your position changes, then DPSS will set up your court ordered visits.  Thank you.

**WARREN CHU**

Supervising Deputy County Counsel

Child Welfare Division

County of Riverside

Phone: (951) 955-6347

Cell: (951) 295-1630

Fax: (951) 358- 3407

wchu@rivco.org



**March Training Tip**: Social Worker Appreciation Month! Thank you for working tirelessly behind the scenes to uplift and empower the lives of children and families in Riverside County. The passion you have is truly inspiring! Thank you for all you do.

To learn more about *PCS Best Practices, EMagistrate & Warrants Procedures*, come to the *Brown Bag* session on *3/18/2025*. Also, be sure to visit our *CoCo Talks & Brown Bag* website for more information on other important legal topics: CoCo Talks - Home (sharepoint.com); Brown Bag Lunch (sharepoint.com)

NOTICE:  This communication is intended for the use of the individual or entity to which it is addressed and may contain attorney/client information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this communication is not the intended recipient or the employee or agent responsible for delivering this communication to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately by reply email or by telephone and immediately delete this communication and all its attachments.

**From:** Ruben Mejia <mejia.grunt1@gmail.com>
**Sent:** Tuesday, March 25, 2025 1:20 PM
**To:** Chu, Warren <WChu@RIVCO.ORG>; LeFlore, Michelle <MLeFlore@Rivco.org>
**Cc:** Davis, Ashley <AShdavis@RIVCO.ORG>; Patel, Deepa <DEpatel@RIVCO.ORG>; Janzen, Justin <JJanzen@Rivco.org>; Tran, Minh <MiTran@Rivco.org>
**Subject:** Legal Directive Regarding Visitation, Therapeutic Setting Requirement, and Documented Misconduct – Ruben Mejia

**CAUTION:** This email originated externally from the <u>Riverside County</u> email system. **DO NOT** click links or open attachments unless you recognize the sender and know the content is safe.

[Quoted text hidden]

**Confidentiality Disclaimer**

This email is confidential and intended solely for the use of the individual(s) to whom it is addressed. The information contained in this message may be privileged and confidential and protected from disclosure.
If you are not the author's intended recipient, be advised that you have received this email in error and that any use, dissemination, forwarding, printing, or copying of this email is strictly prohibited. If you have received this email in error please delete all copies, both electronic and printed, and contact the author immediately.

**County of Riverside California**

## Formal Notice of Jurisdiction Violation and Intent to Seek Sanctions
1 message

**Ruben Mejia** <rmejia4084@sdsu.edu>                                       Tue, Mar 25, 2025 at 2:18 PM
To: Janzen, Justin <JJanzen@rivco.org>
Cc: Ruben Mejia <mejia.grunt1@gmail.com>, Tran, Minh <MiTran@rivco.org>, Chu, Warren <WChu@rivco.org>

Mr. Janzen,

Your March 25 response was not only legally inaccurate, but it was also a mockery of due process and a testament to your growing desperation. Let me be clear:

1. You Claim You Don't Know What Case Was Removed?
That's comical. You received service — via certified mail, email, and court notice — regarding the federal removal of case 5:25-cv-00699-FMO-SP. The Notice of Removal was also filed and imaged in the state court, and I personally obtained a conformed copy from the clerk.

Your "we haven't received it" routine is either gross negligence, willful obstruction, or just plain bad lawyering. You're not fooling anyone — especially not the federal court.

2. You CC'd Both the Chief County Counsel and the Dependency Counsel
Thank you for doing that.

By copying Minh Tran and the County Counsel handling my direct dependency proceedings, you've confirmed what I've already alleged in court filings: you're coordinating behind the scenes across departments, violating procedural separation, and confirming the collusion I've documented in my sanctions motions.

So not only are you representing DPSS in my civil case — you're feeding information to the very parties you claim have no contact. You've now tied them all to the same liability chain. This will be submitted as Exhibit F in all three active cases.

3. "Limit Communications"? You Can't Hide Anymore
You don't get to file motions against me in court while demanding I stay silent. If you're named in a lawsuit and actively litigating the case, you are not protected by some imaginary communication privilege.

If you want to avoid further correspondence, recuse yourself — or better yet, disqualify yourself like the judge eventually will.

4. The Record Is Set — And You Set It Yourself
This is not a warning — this is a directive.

All communications, including your March 25 response, are now being filed in:

CVRI2306762 – DPSS Sanctions Hearing (April 3)

Sanctions Motion Against You, Chu, and Tran (April 14)

Dependency Disqualification Hearing (April 23)

Federal Case 5:25-cv-00699-FMO-SP

You just gave me more evidence, more proof of inter-agency coordination, and another reason the court will act. The only question is: how many careers will get crushed before someone in your office wakes up?

You overplayed your hand.
I already told you — I'm not the one panicking.
You are.

Sleep tight before you go to jail,
Ruben Mejia
Pro Se Litigant
PO Box 144
Cabazon, CA 92230

[Quoted text hidden]

# Formal Notice of Jurisdiction Violation and Intent to Seek Sanctions

1 message

**Janzen, Justin** <JJanzen@rivco.org>                                Tue, Mar 25, 2025 at 1:59 PM
To: Ruben Mejia <mejia.grunt1@gmail.com>, Tran, Minh <MiTran@rivco.org>, Chu, Warren <WChu@rivco.org>
Cc: Ruben Mejia <rmejia4084@sdsu.edu>

Mr. Mejia,

We are in receipt of your documents regarding your attempts for a removal to federal court. Please advise as to which case you are attempting to remove as the caption does not match any of the cases of which I am aware and I do not see a state court case number referenced in the form. Further, as noted in the e-mail below, we have not received a notice to the state court regarding any claimed removal.

Finally, we have made repeated requests that your communications be limited to the appropriate counsel at County Counsel and that you stop contacting other persons at County who are represented by this office. You continue to send repeated e-mails and make phone calls that are inappropriate and this contact must cease.

Sincerely,

Justin Janzen

---

**From:** Janzen, Justin
**Sent:** Thursday, March 20, 2025 10:43 AM
**To:** Ruben Mejia; Tran, Minh; Chu, Warren; LeFlore, Michelle; Patel, Deepa; Davis, Ashley; Rattray, Leisa; Rainey, Letitia; Adrian Urrutia; Adriana Melendrez; mejiam0516@gmail.com
**Cc:** Ruben Mejia
**Subject:** Re: Formal Notice of Jurisdiction Violation and Intent to Seek Sanctions
[Quoted text hidden]



## Ruben Mejia v. County of Riverside (CVRI2500547)

1 message

**Tran, Minh** <MiTran@rivco.org>                                    Thu, Feb 27, 2025 at 2:04 PM
To: Janzen, Justin <JJanzen@rivco.org>, Ruben Mejia <rmejia4084@sdsu.edu>
Cc: Ruben Mejia <mejia.grunt1@gmail.com>, Small, Selina <ssmall@rivco.org>, Chu, Warren <WChu@rivco.org>

Thank you, Justin. Good to turn this around on him.  Maybe you could print out all his emails and bring them to court with you the next time...


Minh

[Quoted text hidden]

Why don't you print out the fact that your attorney is contacting me directly while you are actively colluding with him? Here is the clear evidence of the email you sent, proving your role in violating my rights under the color of law (42 U.S.C. § 1983). If you want to bring evidence to court, why don't you start with that?

Why don't we discuss the real issue—your office's misconduct, harassment, and blatant abuse of power? If you plan to bring emails, then I insist you bring:

Every email you and your attorneys have sent regarding me.
All records of your office's communications concerning me.
Every single recording made of me, whether or not I was informed of it.
Additionally, I demand your personal presence in court. If you stand by your actions, then testify under oath about the nature of your involvement, the unauthorized contact, and the retaliatory coordination between you and County Counsel.

Failure to comply with this request will only further substantiate the case for conspiracy and misconduct. Consider this your formal notice. If this behavior continues, I will escalate the matter accordingly—both civilly and criminally.

The courts will see who is really acting in bad faith. The law will determine who is right and who is wrong.

On Thu, Feb 27, 2025, 2:04 PM Tran, Minh <MiTran@rivco.org> wrote:

> Thank you, Justin. Good to turn this around on him.  Maybe you could print out all his emails and bring them to court with you the next time...
>
>
> Minh
>
>
> **From:** Janzen, Justin <JJanzen@Rivco.org>
> **Sent:** Thursday, February 27, 2025 2:03 PM
> **To:** Ruben Mejia <rmejia4084@sdsu.edu>
> **Cc:** Ruben Mejia <mejia.grunt1@gmail.com>; Small, Selina <ssmall@RIVCO.ORG>; Chu, Warren <WChu@RIVCO.ORG>; Tran, Minh <MiTran@Rivco.org>
> **Subject:** Re: Ruben Mejia v. County of Riverside (CVRI2500547)
>
>
> Mr. Mejia,
>
>
> In honor of your prior requests, I have limited my contacts to you to those required by the law and my duties as an attorney. None of these contacts constitute harassment and I will inform the Court you view attempts to meet and confer as harassment.
>
>
> We previously requested that you not contact any County personnel in regards to your cases as they are represented by County Counsel. We again request that for matters related to your civil

San Diego State University Mail – Legal Directive Regarding Visitati...peutic Setting Requirement, and Documented Misconduct – Ruben Mejia    3/25/25, 1:34 PM



---

## Legal Directive Regarding Visitation, Therapeutic Setting Requirement, and Documented Misconduct – Ruben Mejia

---

**Ruben Mejia** <mejia.grunt1@gmail.com>                                   Tue, Mar 25, 2025 at 1:20 PM
To: "Chu, Warren" <WChu@rivco.org>, "LeFlore, Michelle" <mleflore@rivco.org>
Cc: "Davis, Ashley" <AShdavis@rivco.org>, "Patel, Deepa" <DEpatel@rivco.org>, "Janzen, Justin" <JJanzen@rivco.org>, Mitran@rivco.org
Bcc: rmejia4084@sdsu.edu

Dear Mr. Chu and Ms. LeFlore,

This correspondence serves as a formal legal directive, not a request, in regard to my ongoing dependency matter and connected civil and federal litigation.

On March 25, 2025, I participated in a recorded phone conversation with Ashley Davis, during which I clearly reiterated my longstanding position: any visitation between me and my children must take place in a therapeutic setting with a licensed therapist present, in accordance with California law and best practices governing emotional safety during litigation involving minors.

Ashley Davis confirmed on this recorded call that:

I had previously made this requirement known to DPSS.

Despite that notice, Michelle LeFlore picked up my children, transported them to the DPSS office, and only contacted me afterward — in direct violation of the parameters I explicitly outlined.

Please see the attached screenshots of the transcript (Exhibit E) from this conversation, which will be submitted into court as part of my motions for disqualification and sanctions.

Formal Legal Demands:
Cease all non-therapeutic visitation scheduling immediately.
Any further attempt to schedule visitation outside of a licensed therapeutic setting will be treated as a deliberate violation of due process and retaliation under color of law.

Immediate recusal of Michelle LeFlore from my case (DPRI2300216).
Ms. LeFlore has demonstrated a pattern of bad-faith conduct, including acting contrary to legal instructions and knowingly placing my children in emotionally harmful situations.

Recusal of Warren Chu from any further representation or participation in this matter.
Mr. Chu has been named in multiple civil lawsuits and is the subject of pending sanctions motions for collusion and obstruction across state and federal courts.

Acknowledgment and corrective action.
I demand a written acknowledgment of this misconduct, an update on internal discipline or corrective action, and your assurance that all future actions will be in compliance with California law and constitutional protections.

Ongoing Litigation and Cross-Application:
This email and the attached Exhibit E will be formally submitted into:

Dependency Case (DPRI2300216) – Disqualification Motion – Hearing: April 23, 2025

San Diego State University Mail – Legal Directive Regarding Visitati...peutic Setting Requirement, and Documented Misconduct – Ruben Mejia    3/25/25, 1:34 PM

Civil Case: CVRI2306762 – Motion for Sanctions – Hearing: April 3, 2025

Civil Case Against County Counsel (Chu, Janzen, Tran) – Hearing: April 14, 2025

Federal Case: 5:25-cv-00699-FMO-SP – Pending – Tied directly to this conduct

The pattern of retaliation, collusion, and disregard for court orders is now fully documented, and I intend to hold all involved parties individually and officially accountable.

This is your final opportunity to comply with the law before further legal escalation. Any future misconduct will be construed as intentional and willful, and used to support punitive sanctions and federal constitutional claims.

Respectfully,
Ruben Mejia
Pro Se Litigant
PO Box 144
Cabazon, CA 92230
[Phone Number]
[Email Address]

Let me know if you want this converted into PDF format or prepped for physical mailing with exhibits. This message is clear, direct, and binding — and when followed by your filings, it will show the court that you gave them a lawful opportunity to correct course and they chose not to.

5 attachments



**Screenshot_20250325-131153.png**
174K

Case 5:25-cv-01396-FMO-SP    Document 1    Filed 06/04/25    Page 98 of 120    Page ID
#:98

San Diego State University Mail - Legal Directive Regarding Visitati...peutic Setting Requirement, and Documented Misconduct – Ruben Mejia    3/25/25, 1:34 PM



**Screenshot_20250325-131321.png**
172K



**Screenshot_20250325-131126.png**
205K



**Screenshot_20250325-131205.png**
180K



**Screenshot_20250325-131214.png**
176K

# Exhibit

# F

1:11

(951) 358-3000
(951) 358-3000 • March 25 at 12:28 PM

The speaker
I understand what you're saying, Mr Mejia. I just want to ensure that I have the information correct, so if there is not a licensed therapist present at the business with your children, you will not be attending those visits. Is that correct?

You
Miss. It's a non-starter.

You
I've said that in the past and and and.

You
Is this not the first time I told you this?

The speaker
No, I understand that this is not.

You
Have I not told you this before?

0:00                                          10:09

Screenshot_20250325-131321.png

3/25/25, 1:35 PM





Screenshot_20250325-131205.png

3/25/25, 1:35 PM



Screenshot_20250325-131214.png

3/25/25, 1:35 PM



# Exhibit

# G

 Gmail

Ruben Mejia <mejia.grunt1@gmail.com>

# Formal Notice of Jurisdiction Violation and Intent to Seek Sanctions

**Ruben Mejia** <mejia.grunt1@gmail.com>                                      Thu, Mar 20, 2025 at 10:29 AM
To: "Tran, Minh" <Mitran@rivco.org>, "Chu, Warren" <WChu@rivco.org>, "Janzen, Justin" <JJanzen@rivco.org>,
"LeFlore, Michelle" <mleflore@rivco.org>, "Patel, Deepa" <DEpatel@rivco.org>, "Davis, Ashley" <AShdavis@rivco.org>,
"Rattray, Leisa" <lrattray@rivco.org>, "Rainey, Letitia" <LRainey@rivco.org>, Adrian Urrutia
<urrutiacomputers@gmail.com>, Adriana Melendrez <adriana.isaiah@gmail.com>, mejiam0516@gmail.com
Cc: Ruben Mejia <rmejia4084@sdsu.edu>

To all parties and their conspirators,
I am writing to formally put you all on notice regarding a serious violation of federal jurisdiction and improper conduct
following the removal of my case to federal court. I have obtained irrefutable evidence that you knowingly engaged in
prohibited actions after the case was removed, thereby violating federal law and ethical obligations.

Evidence of Prior Knowledge of Removal
On March 20, 2025, I conducted a phone call with a representative from DPSS, which was legally recorded using a
Google Pixel 9 phone. The phone's recording feature notified all parties of the recording at the outset of the call,
ensuring compliance with California's two-party consent law (Cal. Penal Code § 632).

During this conversation, the DPSS representative explicitly confirmed that:

She informed all parties working on the case — including you — that I had removed the case to federal court.
This confirmation was provided before you subsequently contacted me and sent letters regarding the case.
I have attached a transcript of the call, and the audio recording is available upon request. This serves as direct proof
that you were aware of the removal prior to your subsequent communications and filings.

Legal Basis for Violation
Under 28 U.S.C. § 1446(d), once a notice of removal has been filed with the state court and served on opposing
counsel, the state court is divested of jurisdiction. The statute explicitly prohibits any further state court proceedings
unless and until the federal court remands the case back to state court.

Case law reinforces this principle:

Ackerman v. ExxonMobil Corp., 734 F.3d 237, 248 (4th Cir. 2013) — Holding that state court proceedings following
removal are void ab initio unless the case is remanded.
Morris v. City of Hobart, 39 F.3d 1105, 1111 (10th Cir. 1994) — Establishing that any attempt to continue proceedings in
state court post-removal is a direct violation of federal jurisdiction and can warrant sanctions.
28 U.S.C. § 1447(c) — Providing for costs and actual expenses incurred due to improper conduct following removal.
Despite your clear knowledge that the case had been removed, you knowingly violated federal jurisdiction by
contacting me and attempting to pursue state court actions. This conduct constitutes bad faith and direct interference
with the federal judicial process.

Demand and Consequences
Given the seriousness of this misconduct, I am preparing a motion for sanctions under Federal Rule of Civil Procedure
11 and 28 U.S.C. § 1447(c). I will request the court to impose sanctions for bad-faith litigation conduct and improper
interference with federal jurisdiction.

To avoid further escalation, I demand that you immediately:

Cease and desist from any further communications or filings related to this matter outside of the federal court's

jurisdiction.
Provide a written acknowledgment that you were aware of the removal at the time of the improper communications. Provide an explanation for your decision to act despite knowing that the state court had been divested of jurisdiction. Failure to comply will result in immediate legal action seeking sanctions, costs, and any other remedies available under federal law. I strongly advise you to consult your professional liability carrier regarding the implications of your actions.

This is your final opportunity to mitigate the consequences of your misconduct.

Sincerely,
[Ruben Mejia ]

---

**Janzen, Justin** <JJanzen@rivco.org>                                    Thu, Mar 20, 2025 at 10:43 AM
To: Ruben Mejia <mejia.grunt1@gmail.com>, "Tran, Minh" <MiTran@rivco.org>, "Chu, Warren" <WChu@rivco.org>, "LeFlore, Michelle" <MLeFlore@rivco.org>, "Patel, Deepa" <DEpatel@rivco.org>, "Davis, Ashley" <AShdavis@rivco.org>, "Rattray, Leisa" <lrattray@rivco.org>, "Rainey, Letitia" <LRainey@rivco.org>, Adrian Urrutia <urrutiacomputers@gmail.com>, Adriana Melendrez <adriana.isaiah@gmail.com>, "mejiam0516@gmail.com" <mejiam0516@gmail.com>
Cc: Ruben Mejia <rmejia4084@sdsu.edu>

Mr. Mejia,

Contrary to your claims, we are not aware of a removal to Federal Court. Under 28 U.S Code section 1446, a "Defendant or Defendants desiring to remove any civil action from a State court shall file..." You are the plaintiff in this action, not a defendant, so the statute does not provide any basis for you to remove the case.

Further, I have not received an actual notice of any claimed removal. If you are referring to your e-mail with a photo of one page of a document, that is not a proper notice. Likewise, I have not received notice of any filing of any documents with the state court, nor any action by the state court acknowledging that a removal has occurred.

As such, the state action is still pending and we will respond as required by law.

Sincerely,

Justin Janzen

---

**From:** Ruben Mejia
**Sent:** Thursday, March 20, 2025 10:29 AM
**To:** Tran, Minh; Chu, Warren; Janzen, Justin; LeFlore, Michelle; Patel, Deepa; Davis, Ashley; Rattray, Leisa; Rainey, Letitia; Adrian Urrutia; Adriana Melendrez; mejiam0516@gmail.com
**Cc:** Ruben Mejia
**Subject:** Formal Notice of Jurisdiction Violation and Intent to Seek Sanctions

CAUTION: This email originated externally from the **Riverside County** email system. **DO NOT** click links or open attachments unless you recognize the sender and know the content is safe.

**Confidentiality Disclaimer**

This email is confidential and intended solely for the use of the individual(s) to whom it is addressed. The information contained in this message may be privileged and confidential and protected from disclosure.
If you are not the author's intended recipient, be advised that you have received this email in error and that any use, dissemination, forwarding, printing, or copying of this email is strictly prohibited. If you have received this email in error please delete all copies, both electronic and printed, and contact the author immediately.

**County of Riverside California**

**Ruben Mejia** <rmejia4084@sdsu.edu>                                       Thu, Mar 20, 2025 at 10:48 AM
To: "Janzen, Justin" <JJanzen@rivco.org>, "Tran, Minh" <Mitran@rivco.org>, "Chu, Warren" <wchu@rivco.org>, "Davis, Ashley" <AShdavis@rivco.org>, "LeFlore, Michelle" <mleflore@rivco.org>, Leisa Rattray <lrattray@rivco.org>, Letitia Rainey <LRainey@rivco.org>, Deepa Patel <DEpatel@rivco.org>, Adriana Melendrez <adriana.isaiah@gmail.com>, Adrian Urrutia <urrutiacomputers@gmail.com>, mejiam0516@gmail.com
Cc: Ruben Mejia <mejia.grunt1@gmail.com>

I just spoke with Ashley Davis, who verbally confirmed that she informed all involved parties — including Mr. Tran — that my case had been removed to federal court. I have the full transcript of that conversation, and I am attaching a copy for your reference.

You have now directly contradicted her testimony. So either you are lying, or she is lying. Either way, both of you are state employees, and this creates a serious liability issue for your office.

If you were unaware of the removal, then Mr. Tran violated the Federal Rules of Civil Procedure by continuing to engage with the case post-removal. Under 28 U.S.C. § 1446(d), the state court — and by extension, all parties involved — lose jurisdiction immediately upon removal to federal court. Any subsequent action is not just voidable — it is void ab initio. Mr. Tran's continued interference after removal could constitute direct contempt of federal jurisdiction, which carries serious consequences.

You're a licensed attorney. You graduated from law school, passed the bar, and hold a position that pays you six figures. So how is it that you are handing me this kind of evidence on a silver platter? If I were you, I would remain silent, because you are giving me exactly what I need to pursue sanctions and potential criminal prosecution. This is beginning to look less like negligence and more like deliberate misconduct.

Federal case law makes the implications of this situation clear:

Ackerman v. ExxonMobil Corp., 734 F.3d 237, 248 (4th Cir. 2013) – Holding that any state court proceedings following removal are void unless the case is remanded.
Morris v. City of Hobart, 39 F.3d 1105, 1111 (10th Cir. 1994) – Establishing that any attempt to continue proceedings in state court post-removal is a direct violation of federal jurisdiction and warrants sanctions.
28 U.S.C. § 1447(c) – Allowing for recovery of costs and expenses for improper post-removal conduct.
Furthermore, if Mr. Tran knowingly violated these rules and misrepresented his authority or your position as his client, that may rise to the level of professional misconduct, which could trigger state bar disciplinary action and possibly criminal liability.

If I were you, I would stop digging the hole you're already in. I suggest you consult your professional liability carrier immediately. This email serves as your formal notice that I intend to seek sanctions and other appropriate relief unless you promptly address this situation.

Govern yourself accordingly.

Sincerely,
[Ruben Mejia ]

**2 attachments**



**Screenshot_20250320-102446.png**
140K



**Screenshot_20250320-102433.png**
173K

---

**Janzen, Justin** <JJanzen@rivco.org>                                          Tue, Mar 25, 2025 at 1:59 PM
To: Ruben Mejia <mejia.grunt1@gmail.com>, "Tran, Minh" <MiTran@rivco.org>, "Chu, Warren" <WChu@rivco.org>
Cc: Ruben Mejia <rmejia4084@sdsu.edu>

Mr. Mejia,

We are in receipt of your documents regarding your attempts for a removal to federal court. Please
advise as to which case you are attempting to remove as the caption does not match any of the cases of
which I am aware and I do not see a state court case number referenced in the form. Further, as noted in
the e-mail below, we have not received a notice to the state court regarding any claimed removal.

Finally, we have made repeated requests that your communications be limited to the appropriate counsel
at County Counsel and that you stop contacting other persons at County who are represented by this
office. You continue to send repeated e-mails and make phone calls that are inappropriate and this
contact must cease.

Sincerely,

Justin Janzen

---

**From: Janzen, Justin**
**Sent: Thursday, March 20, 2025 10:43 AM**

10:24 M

5G

**(951) 358-3000**
(951) 358-3000 • March 20 at 8:50 AM

The speaker
Yes, I left. I let everybody who's working on your case now.

You
Okay, so, so you're you're confirming that when I got that letter from mint Tran, he was fully aware that this case had been removed.

The speaker
I let them know that your intention was to fix the federal court.

You
And how bad that is?

You
I got you on. I got you on recording doing that same, telling me this.

The speaker
I understand.

0:00                                                                17:20

                 

10:24

**(951) 358-3000**
(951) 358-3000 · March 20 at 8:50 AM

**You**

And how bad that is?

**You**

I got you on. I got you on recording doing that same, telling me this.

**The speaker**
I understand.

**You**

He tried to interfere.

**You**

With the federal process that is a crime, Miss.

**You**

You, the state you, the county.

**You**

It is not bigger than the federal government.

0:00                                                    17:20

Gmail - Formal Notice of Jurisdiction Violation and Intent to Seek Sanctions    5/26/25, 12:22 PM

**To:** Ruben Mejia; Tran, Minh; Chu, Warren; LeFlore, Michelle; Patel, Deepa; Davis, Ashley; Rattray, Leisa; Rainey, Letitia; Adrian Urrutia; Adriana Melendrez; mejiam0516@gmail.com
**Cc:** Ruben Mejia
**Subject:** Re: Formal Notice of Jurisdiction Violation and Intent to Seek Sanctions

---

Ruben Mejia <rmejia4084@sdsu.edu>                                Tue, Mar 25, 2025 at 2:17 PM
To: "Janzen, Justin" <JJanzen@rivco.org>
Cc: Ruben Mejia <mejia.grunt1@gmail.com>, "Tran, Minh" <MiTran@rivco.org>, "Chu, Warren" <WChu@rivco.org>

Mr. Janzen,

Your March 25 response was not only legally inaccurate, but it was also a mockery of due process and a testament to your growing desperation. Let me be clear:

1. You Claim You Don't Know What Case Was Removed?
That's comical. You received service — via certified mail, email, and court notice — regarding the federal removal of case 5:25-cv-00699-FMO-SP. The Notice of Removal was also filed and imaged in the state court, and I personally obtained a conformed copy from the clerk.

Your "we haven't received it" routine is either gross negligence, willful obstruction, or just plain bad lawyering. You're not fooling anyone — especially not the federal court.

2. You CC'd Both the Chief County Counsel and the Dependency Counsel
Thank you for doing that.

By copying Minh Tran and the County Counsel handling my direct dependency proceedings, you've confirmed what I've already alleged in court filings: you're coordinating behind the scenes across departments, violating procedural separation, and confirming the collusion I've documented in my sanctions motions.

So not only are you representing DPSS in my civil case — you're feeding information to the very parties you claim have no contact. You've now tied them all to the same liability chain. This will be submitted as Exhibit F in all three active cases.

3. "Limit Communications"? You Can't Hide Anymore
You don't get to file motions against me in court while demanding I stay silent. If you're named in a lawsuit and actively litigating the case, you are not protected by some imaginary communication privilege.

If you want to avoid further correspondence, recuse yourself — or better yet, disqualify yourself like the judge eventually will.

4. The Record Is Set — And You Set It Yourself
This is not a warning — this is a directive.

All communications, including your March 25 response, are now being filed in:

CVRI2306762 – DPSS Sanctions Hearing (April 3)

Sanctions Motion Against You, Chu, and Tran (April 14)

Dependency Disqualification Hearing (April 23)

Federal Case 5:25-cv-00699-FMO-SP

You just gave me more evidence, more proof of inter-agency coordination, and another reason the court will act. The

only question is: how many careers will get crushed before someone in your office wakes up?

You overplayed your hand.
I already told you — I'm not the one panicking.
You are.

Sleep tight before you go to jail,
Ruben Mejia
Pro Se Litigant
PO Box 144
Cabazon, CA 92230

---

**Ruben Mejia** <mejia.grunt1@gmail.com>                                    Tue, Mar 25, 2025 at 2:33 PM
To: "Janzen, Justin" <JJanzen@rivco.org>
Cc: "Tran, Minh" <MiTran@rivco.org>, "Chu, Warren" <WChu@rivco.org>, "LeFlore, Michelle" <MLeFlore@rivco.org>,
"Patel, Deepa" <DEpatel@rivco.org>, "Davis, Ashley" <AShdavis@rivco.org>, "Rattray, Leisa" <lrattray@rivco.org>,
"Rainey, Letitia" <LRainey@rivco.org>, Adrian Urrutia <urrutiacomputers@gmail.com>, Adriana Melendrez
<adriana.isaiah@gmail.com>, mejiam0516@gmail.com, Ruben Mejia <rmejia4084@sdsu.edu>
Bcc: Ruben Mejia <rmejia4084@sdsu.edu>

Mr. Janzen,

Your March 25 response has been received and preserved for submission into the formal record. At this stage, your
actions — along with those of Mr. Chu, Mr. Tran, and Ms. LeFlore — are no longer theoretical or deniable. The
evidence now shows a coordinated and deliberate abuse of authority across multiple County departments, all of which
are under active litigation and judicial review.

Your continued involvement across both civil and dependency proceedings — while copying and coordinating with
other named defendants — only strengthens the growing body of evidence showing collusion, retaliation, and
procedural misconduct carried out under the color of law.

Let me be unequivocal: you are now locked into the record, and I reserve the right to depose every party involved and
submit every communication into evidence across all pending hearings. Any further missteps on your part will only
support the claims already raised in both state and federal court.

And frankly — as the pattern of misconduct continues to unfold — you and several of your colleagues are not just at
risk of sanctions or disbarment… you are at risk of going to jail. That is not a threat — that is the logical conclusion
when public officials knowingly violate constitutional rights, falsify records, and attempt to shield each other from
accountability through coordinated misuse of government authority.

See you in court.
Ruben Mejia
Pro Se Litigant
PO Box 144
Cabazon, CA 92230

On Thu, Mar 20, 2025, 10:43 AM Janzen, Justin <JJanzen@rivco.org> wrote:

---

**Ruben Mejia** <mejia.grunt1@gmail.com>    Tue, Mar 25, 2025 at 2:42 PM
To: "Janzen, Justin" <JJanzen@rivco.org>
Cc: "Tran, Minh" <MiTran@rivco.org>, "Chu, Warren" <WChu@rivco.org>, Ruben Mejia <rmejia4084@sdsu.edu>

Mr. Janzen and conspirators

This correspondence is in response to your March 25, 2025 email — which, along with all attachments and recipients, is now formally preserved as Exhibit F and will be entered into the record across the following active cases:

CVRI2306762 – Civil Suit Against DPSS

[County Counsel Case] – Civil Suit Naming You, Warren Chu, and Minh Tran

DPRI2300216 – Dependency Case

5:25-cv-00699-FMO-SP – Federal Case

1. The Federal Removal Is Active and Filed
Your suggestion that you are unaware of what case was removed is either deliberately false or indicative of gross negligence. The federal removal (Case No. 5:25-cv-00699-FMO-SP) was filed with all required attachments, served on all parties via certified mail and email, and imaged and confirmed by the state court.

You are now attempting to create confusion around jurisdiction — but the record and clerk's stamp say otherwise.

2. There Was No Prior "No Contact" Directive
Your reference to "repeated requests to limit communication" is completely fabricated. You have never issued formal notice, cited a protective order, or filed a motion to limit contact.

In fact, the last time we spoke, I told you directly that you would go to jail for your role in the misconduct I've documented. That statement stands.

As long as you continue to act as counsel of record and a named defendant, you cannot shield yourself from direct legal correspondence under the guise of personal discomfort. You're either litigating or recusing — there is no in-between.

3. You Used My Family to Illegally Obtain Information
You and your colleagues have coordinated with my family — who are non-parties — in an attempt to access protected information and manipulate records.

This is an egregious violation of my constitutional rights and will be included in the federal case as evidence of unauthorized surveillance and abuse of authority.

4. You Have Now Confirmed Collusion with Tran and Chu
You copied Chief County Counsel Minh Tran and Supervising County Counsel Warren Chu on your email — the same individuals who are named co-defendants and the subject of pending motions for sanctions, disqualification, and federal review.

Not only are they actively involved in the dependency case, but Mr. Chu was directly involved in attempting to adopt my children during the period of unlawful interference and litigation.

By including them, you've confirmed the interdepartmental conspiracy that I have long argued exists — a conspiracy

to obstruct justice, suppress due process, and coordinate retaliation under color of law.

This isn't speculation anymore. It's evidence.

5. This Is No Longer Just Civil – This Is Criminal
Let me make this explicitly clear:

You are now fully locked into the evidentiary timeline. You have confirmed knowledge of litigation. You have confirmed contact with co-defendants. You have confirmed participation in a cross-agency cover-up.

I reserve the right to:

Depose you and every party you've coordinated with

Enter all communications into the federal and state record

And pursue civil sanctions, professional discipline, and criminal charges for retaliation, collusion, and interference with parental rights.

The time for games is over.
You and your associates will be held accountable — in court, on record, and possibly in jail.

See you soon.

Ruben Mejia
Pro Se Litigant
PO Box 144
Cabazon, CA 92230

On Tue, Mar 25, 2025, 1:59 PM Janzen, Justin <JJanzen@rivco.org> wrote:

# Exhibit

# H



### SUPERIOR COURT OF CALIFORNIA
### COUNTY OF RIVERSIDE

CHAMBERS OF
**JACQUELINE C. JACKSON**
PRESIDING JUDGE

4050 MAIN STREET
RIVERSIDE, CALIFORNIA 92501
(951) 777-3162
FAX (951) 777-3127

January 22, 2025

Ruben Mejia
P.O. Box 144
Cabazon, CA 92230

Re:   Your letter of January 13, 2025, for Case Number DPRI2300216

Dear Mr. Mejia:

I am in receipt of your letter dated January 13, 2025, in which you express concerns about your experience at the court, in particular Judge McLaughlin, Riverside County Children's Services, the Riverside County Sheriff's Department, and your Dependency Counsel, Brent Valdez.  I take very seriously these types of matters and want to assure you that the concerns you expressed are currently under review.  Once that review is completed, a response will be provided to you in writing.  This process may take up to 90 days.

Very truly yours,

JACQUELINE C. JACKSON
Presiding Judge

cc:  court file

1

2

3    **IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

4    **FOURTH APPELLATE DISTRICT**

5

6    **DIVISION II**

7

8                                                    App Case No. E083652

9                                            Sup.Ct. Case No.

10    Ruben Mejia                                (CVR12305277)

11

12    (Plaintiff & Appellant)

13      Vs

14

15      Johanna Mares et. al.

16

17

18    Defendant &Respondents

19

20

21

22

23    _____

24

25    Appeal from a Judgement of the Superior Court of California, County of Riverside : Honorable

26    Carol A. Greene, Judge

27    -------------------------------------------------------------------------------------

28    NOTICE TO THE COURT OF APPEAL REGARDING JUDICIAL MISCONDUCT AND

29    PROCEDURAL IRREGULARITY IN LOWER COURT – JUDGE CHAD FIRETAG (WITH

30    EXHIBIT A – MINUTE ORDERS DATED MAY 6, 2025)Ruben Mejia

31    Ruben Mejia (Plaintiff-Appellant)

32    P.O. Box 144

33    Cabazon, CA 92230

34    (951) 306-5441

35

ocument received by the CA 4th District Court of Appeal Division 2.

36

37  To the Honorable Justices of the Fourth District Court of Appeal: I, Ruben Mejia, respectfully
38  submit this notice to inform the Court of Appeal of material misconduct and procedural irregularities
39  in Riverside County Superior Court Case No. CVRI2500547, presided over by Judge Chad Firetag,
40  which occurred on May 6, 2025. These issues directly affect the fairness, accuracy, and legality of
41  the record and bear on related issues in this appeal.

42          I.       FALSIFIED AND OMISSIVE RECORD CREATED BY JUDGE FIRETAG

43  During the Anti-SLAPP hearing on May 6, 2025: Defendant Justin Janzen was listed as being
44  represented by Attorney Braden Holly. Despite that representation, both Mr. Janzen and Mr. Holly
45  presented oral arguments before the court. I formally and clearly objected on the record to: Mr.
46  Holly's unauthorized appearance and conflict of interest; Mr. Janzen's improper dual role as a named
47  defendant and arguing attorney, in violation of Rule 3.7 of the California Rules of Professional
48  Conduct.

49  The resulting minute orders, including all amended versions, contain no record of my objections, no
50  mention of Mr. Holly's argument, and present an internally contradictory and misleading account of
51  who argued and under what authority.

52          II.      EXHIBIT A – MINUTE ORDERS

53  Attached as Exhibit A are four separate versions of the May 6, 2025 minute order, obtained from the
54  Superior Court. These demonstrate: the listing of Mr. Holly as counsel for Mr. Janzen; Simultaneous
55  attribution of argument to Mr. Janzen personally; complete absence of reference to my on-record
56  objections; Omission of Mr. Holly's oral advocacy despite its occurrence; Discrepancies across
57  versions without explanation. These omissions rise beyond clerical error. They constitute material
58  concealment affecting appellate review and constitutional analysis.

59          III.     BROADER IMPLICATIONS AND REQUEST FOR JUDICIAL NOTICE

60

61  These acts are part of a broader pattern of misconduct, retaliation, and procedural suppression I have
62          documented in filings before this Court and others. The manipulation of the official court record
63          violates fundamental due process rights and obstructs the Court of Appeal's ability to conduct
64                                      effective oversight.

65

66

67

Document received by the CA 4th District Court of Appeal Division 2

**IV**

**Relief Requested**

I respectfully request this Court:

1. Take judicial notice of the events described and the attached minute orders (Exhibit A) under California Evidence Code §§ 452 and 459;

2. Consider these irregularities when evaluating procedural and constitutional claims in this appeal;

3. Allow record supplementation or correction if necessary under CRC Rule 8.155.

Dated: May 7, 2025

Respectfully submitted,

Ruben Mejia

P.O. Box 144

Cabazon, CA 92230

(951) 306-5441

Document received by the CA 4th District Court of Appeal Division 2.